No. 02-796C
(Judge Allegra)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

INFORMATION SYSTEMS & NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF'S COUNT I

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

BRENT M. McBURNEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, Room 12074
Washington, D.C. 20530
Tele: (202) 307-0277

April 29, 2004

Attorneys for Defendant

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. Summary Judgment Is The Appropriate Means By Which To Resolve This Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. Defendant Is Entitled To Summary Judgment Upon ISN's Implied-In-Fact Contract Claim Because The Parties Did Not Reach A Meeting Of the Minds With Respect To ISN's Engineering Change Proposal . . . . . . . . . . . . . . . . . . . . . 7

A. Legal Elements Of Contract Formation . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. An Implied-In-Fact Contract Was Not Formed Because The Parties Did Not Execute A Written Modification Incorporating The ECP, As Required By Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

C. An Implied-In-Fact Contract Was Not Formed Because The Parties Did Definitively Agree Upon Essential Terms Of The ECP, Including Price And Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

D. An Implied-In-Fact Contract Was Not Formed Because The ECP Was Not Accepted By A Government Official Possessing Authority To Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. ISN's Motion For Partial Summary Judgment Should Be Denied Because Execution Of A Written Modification Regarding The ECP Was Not A "Mere Formality" . . . . . . . . . . 13

A. Texas Instruments In Inapposite . . . . . . . . . . 14

B. Cities Service In Inapposite . . . . . . . . . . 16

C. Narva Harris In Inapposite . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . 18

## TABLE OF AUTHORITIES

### CASES

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . 5, 6

Atlas Corp. v. United States,
895 F.2d 745 (Fed. Cir. 1990) . . . . . 8

Celotex Corp. v Catrett,
477 U.S. 317 (1986) . . . . . 5

Cities Service Gas Co. v. United States,
500 F.2d 448 (Ct. Cl. 1974) . . . . . 14, 16

Essen Mall Properties v. United States,
21 Cl. Ct. 430 (1990) . . . . . 8

Estate of Samuel E. Bogley, et. al. v. United States,
514 F.2d 1027 (Ct. Cl. 1975) . . . . . 10

Federal Crop Ins. Corp. v. Merrill,
332 U.S. 380 (1947) . . . . . 11, 12

Garza v. United States,
34Fed. Cl. 1 (1995) . . . . . 12

Giove v. Department of Transportation,
230 F.3d 1333 (Fed. Cir. 2000) . . . . . 6

Golden Pacific Bancorp v. United States,
15 F.3d 1066 (Fed. Cir. 1994) . . . . . 5

Government Systems Advisors v. United States,
847 F.2d 811 (Fed. Cir. 1988) . . . . . 6

Hansen v. United States,
13 Cl. Ct. 519 (1987) . . . . . 12

Harbert/Lummus Agrifuels Projects v. United States,
142 F.3d 1429 (Fed. Cir. 1998). . . . . . 11

Housing Corp. v. United States,
468 F.2d 922 (Ct. Cl. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Information Systems & Networks Corporation v. United States,
Fed. Cl. No. 98-178C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Janowsky and Janowsky v. United States,
36 Fed. Cl. 148 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Jascourt v. United States,
207 Ct. Cl. 955 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Mil-Spec Contractors, Inc. v. United States,
835 F.2d 865 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

Mingus Constructors, Inc. v. United States,
812 F.2d 1387 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Modern Systems Technology Corp. v. United States,
979 F.2d 200 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Narva Harris Constr. Corp. v. United States,
574 F.2d 508 (Ct. Cl. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

Office of Personnel Management v. Richmond,
496 U.S. 414 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Prevado Village Partnership v. United States,
3 Cl. Ct. 219 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Ralph Larsen & Son, Inc. v. United States,
17 Cl. Ct. 39 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Russell Corp. v. United States,
537 F.2d 474 (Ct. Cl. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SCM Corporation v. United States,
595 F.2d 595 (Ct. Cl. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Solar Turbines, Inc. v. United States,
23 Cl. Ct. 142 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,
833 F.2d 1560 (Fed. Cir. 1987) . . . . . . . . . . 5

Texas Instruments, Inc. v. United States,
922 F.2d 810 (Fed. Cir. 1990) . . . . . . . . . . 13, 14

Total Medical Management, Inc. v. United States,
104 F.3d 1314 (Fed. Cir. 1997) . . . . . . . . . . 10

Trauma Service Group v. United States,
104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . 7

Webster Univ. v. United States,
20 Cl. Ct. 429 (1990) . . . . . . . . . . 8

**REGULATIONS**

48 C.F.R. § 1.603-2 . . . . . . . . . . 12

48 C.F.R. § 1.603-3 . . . . . . . . . . 12

48 C.F.R. § 43.103 . . . . . . . . . . 8, 9

48 C.F.R. § 43.301 . . . . . . . . . . 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-796C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF'S COUNT I

Pursuant to Rule 56 of the Rules of this Court, defendant, the United States, respectfully requests that the Court grant summary judgment in the United States' favor upon the grounds that there is no genuine issue as to any material fact and the United States is entitled to judgment as a matter of law regarding plaintiff's Count I. We also respectively request that this Court deny plaintiff's motions for partial summary judgment. In support of our motion, we rely upon the complaint, plaintiff's pleadings, and defendant's response to plaintiff's proposed findings of uncontroverted fact, and defendant's proposed findings of uncontroverted fact, with appendix, which are filed concurrently with this motion.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUES

1. Whether the regulatory requirement for the execution of a standard form modification ("SF-30"), when the parties have attempted to negotiate a supplemental agreement requiring a bilateral modification, precludes an implied-in-fact contract and, thus, entitles the Government to a ruling upon summary judgment in its favor?

2. Whether there was a meeting of the minds regarding the price and schedule for the engineering change proposal ("ECP") submitted by the contractor that precluded the approval of the ECP and, accordingly, a modification of the contract?

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff, Information Systems & Networks Corporation ("ISN") alleges that the Government, through an implied-in-fact contract, approved plaintiff's engineering change proposal ("ECP"), and that the Government's failure to honor that approval breached that alleged agreement between ISN and the Government. The contract required ISN to perform a variety of computer hardware and software changes for the Naval Warfare Systems Command at Hampton Roads, Virginia, and two sites in Hawaii. In July 1994, ISN began the work on the contract at Hampton Roads, but shortly after ISN began work, it became clear that ISN was behind schedule on its performance and that various changes to the contract were needed. In June 1995, at the Navy's request, ISN submitted an ECP that was "technically" approved by the contracting officer's technical representative in July 1995.

However, contrary to ISN's assertions, the Navy did not approve the ECP, expressly, or through an implied-in-fact contract, because there was never a meeting of the minds regarding the price or revised schedule for the ECP. The letter indicating that the ECP was "technically" approved further recommended that the terms and conditions should be negotiated. ISN alleges that it was orally told to proceed with the work, or that it was never told not to perform the work. However, ISN's internal memoranda indicate that the ECP was never approved and ISN's project manager testified that ISN was aware that it could not proceed with the contemplated work in the

absence of a formal modification. During the fall of 1995, in each of its progress reports, ISN acknowledged that the ECP had not been approved.

Finally, in February 1996, after ISN failed to meet any of its proposed delivery schedules, the Navy issued a stop work order and, in March 1996, terminated the contract for the convenience of the Government. Following the termination, ISN submitted a termination settlement proposal that was audited by the Defense Contract Audit Agency ("DCAA"). During the negotiations that ensued, the Government determined that ISN was entitled to $4,049,532 and ISN was paid that amount. The terminating contracting officer extended a settlement offer to ISN that ISN did not accept.

Subsequently, ISN first brought suit in Information Systems & Networks Corporation v. United States, Fed. Cl. No. 98-178C, alleging a breach of the alleged settlement agreement, among other claims. In that case, ISN focused its arguments upon the alleged breach of the settlement agreement, but this Court held that there was not a settlement agreement upon which ISN could rely for entitlement to damages and dismissed that particular count of ISN's complaint. ISN dismissed its other counts without prejudice, pending a decision upon appeal. The United States Court of Appeals for the Federal Circuit affirmed the decision of this Court pursuant to Federal Circuit Rule 36.

ISN subsequently refiled its complaint re-alleging its other counts for breach of contract, and now seeks a ruling on Count I, upon the basis that ISN and the Navy had an implied-in-fact contract with regard to the ECP. As we demonstrate in this brief, however, there was no meeting of the minds regarding the price and revised schedule for the ECP, no contract modification was

agreed upon and the Government is entitled to summary judgment upon ISN's claim for breach of contract.

II. Statement of Facts

The genuine issues of material fact that preclude a ruling upon plaintiff's summary judgment are set forth in our separately-filed response to plaintiff's proposed findings of uncontroverted fact. The relevant facts are set forth in our separately-filed proposed findings of uncontroverted fact, with appendix. We respectfully refer the Court to that filing, as well as the factual assertions in this motion.

## SUMMARY OF ARGUMENT

Mutual intent to contract with the Government includes an offer, an acceptance, and consideration, and a Government official with authority to bind the Government. Moreover, the FAR requires that modification of an existing contract, like the ECP in this case, must be memorialized in an SF-30, which did not occur. Accordingly, an implied-in-fact contract was not created in this case. Even in spite of this regulatory requirement, ISN contends that there was an implied-in-fact contract regarding its ECP, based upon the actions of the parties, that the Government breached.

The facts of the case demonstrate otherwise. Even if its implied-in-fact argument is considered, ISN is incorrect. ISN was aware that the ECP was never approved and that additional negotiations would be required. In his deposition, ISN's program manager testified that ISN was aware that it should not proceed in the absence of a modification to the contract and that the ECP was contingent upon funding. Moreover, it is undisputed that the Government did not ever agree to the terms of the ECP and did not issue a contract modification. Specifically, the

contracting officer testified that the technical representatives were concerned that the ECP was unreasonably priced, and indeed the documents indicated that further negotiations for price were necessary.

The uncontroverted facts demonstrate that there is an absence of any genuine issue of material fact. Thus, because a formal modification of the contract was required, the Government is entitled to judgment upon Count I as a matter of law. In the alternative, the facts of the case do not demonstrate that an implied-in-fact contract was entered into, but, rather, that there was no meeting of the minds regarding ISN's ECP. Accordingly, the Government is likewise entitled to judgment upon Count I as a matter of law.

ARGUMENT

I. Summary Judgment Is The Appropriate Means By Which To Resolve This Case

Summary disposition is appropriate where there are no genuine disputes as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1070 (Fed. Cir. 1994); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987). It is a "salutary method of disposition 'designed to secure the just, speedy and inexpensive determination of every action.'" Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed. Cir. 1987), quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986). As the court of appeals emphasized in Sweats Fashions, "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." 833 F.2d at 1563 (emphasis in original). Rather, "'the burden on the moving party may be discharged by "showing" -- that is, pointing out to the [Court of Federal Claims] -- that

there is an absence of evidence to support the non-moving party's case.'" Id. (emphasis in original) (quoting Celotex, 477 U.S. at 326).

A dispute over a "material fact" is one "that might affect the outcome of the suit under the governing law," and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Once a movant has established an adequate legal basis for its motion, the Court must consider whether the opposing party has identified any genuine issues of material fact. The first step is to determine whether the issues raised are truly factual issues, or are issues of law. The second step is to determine what subset of the truly factual issues are material to the decision of the case. The third step is to examine the evidence presented by the parties to determine whether there is any genuine issue concerning any material factual issue. Ralph Larsen & Son, Inc. v. United States, 17 Cl. Ct. 39, 43 (1989)(describing three steps); accord Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

Contract interpretation is a question of law. Giove v. Department of Transportation, 230 F.3d 1333, 1240 (Fed. Cir. 2000). Accordingly, when there is a dispute between the parties concerning contract interpretation, it is appropriate to resolve this legal dispute first in order to determine whether the moving party has an adequate basis for its motion, and then to determine what facts are material to the proper legal standard. See Ralph Larsen, 17 Cl. Ct. at 43-45.

Where no facts material to the proper interpretation of the contract are disputed, the claim at issue may appropriately be decided by summary judgment. Anderson, 477 U.S. at 248; Government Systems Advisors v. United States, 847 F.2d 811, 813 (Fed. Cir. 1988) (decision concerning contract interpretation precludes need to address factual issues raised by the parties where those factual disputes were not material to the legal standard created by the proper contract interpretation).

In Count I of its complaint, ISN alleges that, based upon the actions of the parties, an implied-in-fact contract was formed that the Government then breached by failing to fully compensate ISN for the work that it allegedly performed pursuant to that implied-in-fact contract. Pl. Compl. ¶¶ 16-19.

As explained below, however, and contrary to ISN's allegations, an implied-in-fact contract was not formed with respect to the ECP for at least three reasons: (1) the parties did not execute a written modification incorporating the ECP, as required by regulation; (2) the parties did not definitively agree upon essential terms regarding the proposal, including price and schedule; and (3) the ECP was not accepted by a Government official possessing authority to contract. Consequently, the Government is entitled to summary judgment upon ISN's implied-in-fact contract claim, and ISN's motion for partial summary judgment should be denied.

## II. Defendant Is Entitled To Summary Judgment Upon ISN's Implied-In-Fact Contract Claim Because The Parties Did Not Reach A Meeting Of the Minds With Respect To ISN's Engineering Change Proposal

### A. Legal Elements Of Contract Formation

To establish the existence of an express contract, a modification to a contract, or an implied-in-fact contract, with the Government, a party generally must demonstrate (1) a mutual

intent to contract (including an offer, acceptance, and consideration), (2) a lack of ambiguity in the offer and acceptance, and (3) authority to contract on the part of the Government agent. Russell Corp. v. United States, 537 F.2d 474, 482 (Ct. Cl. 1977); Solar Turbines, Inc. v. United States, 23 Cl. Ct. 142, 149-150 (1991). Moreover, the party alleging that a contract exists bears the burden to prove there was "mutual intent to contract including an offer, an acceptance, and consideration." Trauma Service Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997). In other words, the resulting contract must reflect that the parties had a meeting of the minds on essential terms such as subject matter of bargain, quantity involved, the time of performance, and the price. Prevado Village Partnership v. United States, 3 Cl. Ct. 219 (1983).

In addition, for contracts subject to the Federal Acquisition Regulations ("FAR"), there is a fourth prerequisite that any contract modification must be incorporated on an SF-30. See, e.g., Mil-Spec Contractors, Inc. v. United States, 835 F.2d 865 (Fed. Cir. 1987). The ECP, as envisioned in this case, was required to be in the form of a modification to the contract before remedies for a breach are available.

The requirements for an implied-in-fact contract are the same for an express contract. The agreement, however is based upon the conduct of the parties, rather than the parties' express agreement. Janowsky and Janowsky v. United States, 36 Fed. Cl. 148, 151-152 (1996). See Also Essen Mall Properties v. United States, 21 Cl. Ct. 430, 439 (1990) (citing Webster Univ. v. United States 20 Cl. Ct. 429, 433 (1990)). Moreover, an implied-in-fact contract cannot exist if an express contract already covers the same subject matter. See Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990). Summary judgment is warranted here on the purported fourth

prerequisite because the ECP was never incorporated on an SF-30 and, in any event, the conduct of the parties demonstrates that they never reached an agreement on the pricing of the ECP.

B. An Implied-In-Fact Contract Was Not Formed Because The Parties Did Not Execute A Written Modification Incorporating The ECP, As Required By Regulation

FAR section 43.301 provides, in pertinent part: "The Standard Form 30 (SF 30), Amendment of Solicitation/Modification of Contract, shall [with inapplicable exceptions] be used for . . . (v) Supplemental agreements." 48 C.F.R. § 43.301(a)(1) (1989)(emphasis added).

FAR section 43.103 provides, in pertinent part:

> Contract modifications are of the following types:
>
> (a) Bilateral. A bilateral modification (supplemental agreement) is a contract modification that is signed by the contractor and the contracting officer. Bilateral modifications are used to--
>
> (1) Make negotiated equitable adjustments resulting from the issuance of a change order;

48 C.F.R. § 43.103 (1989).

FAR sections 43.301 and 43.103 mandate the use of an SF-30 to create a binding agreement. Absent the SF-30 there is no enforceable agreement. Accord SCM Corporation v. United States, 595 F.2d 595, 598 (Ct. Cl. 1979) ("The regulations provided that [s]hall is imperative. . . . There can be no doubt that the regulations require that settlements are written contracts to be executed on standard form 30."); see also Mil-Spec, 835 F.2d at 867 ("The Federal Acquisition Regulations applicable to the contract in this case require that a modification of a contract be in writing and executed by both parties.").

Although SCM and Mil-Spec involved alleged oral agreements, there is no analytical reason for rejecting the Mil-Spec analysis to this case. This case, just as SCM and Mil-Spec,

concerns the same situation - regulations which expressly require an executed modification before an enforceable contract is created. "Unless and until there was a binding modification to which both Mil-Spec and the contracting officer had agreed in writing, there could not be a binding modification to the contract." Mil-Spec 835 F.2d at 867; accord Solar Turbines, Inc. v. United States, 23 Cl. Ct. 142 (1991). This rule applies in this case.

As demonstrated above, a supplemental agreement such as the ECP in this case requires a bilateral modification. It is undisputed that the parties did not execute such a modification. See Pl. PFUF ¶ 37.[1] The regulations require a formal written modification. Mil-Spec 835 F.2d at 867. Consequently, there is no agreement upon which this Court can grant ISN the relief it seeks. ISN's argument regarding the conduct of the parties is, therefore, misplaced, and the Court should grant the Government's motion for summary judgment.

C. An Implied-In-Fact Contract Was Not Formed Because The Parties Did Not Definitively Agree Upon Essential Terms Of The ECP, Including Price And Schedule

The alleged modification in this case is itself a contract. Accordingly, the traditional concept of mutual intent to be bound in contract through offer, acceptance, and consideration must be present. Estate of Samuel E. Bogley, et. al. v. United States, 514 F.2d 1027, 1032 (Ct. Cl. 1975) (citations omitted); accord Total Medical Management, Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997). Moreover, the party alleging that a contract exists bears the burden to prove there was "mutual intent to contract including an offer, an acceptance, and consideration." Trauma Service, 104 F.3d at 1325. In other words, the resulting contract must

[1] "Pl. PFUF __" is a reference to a particular number in Plaintiff's Proposed Findings of Uncontroverted Fact.

reflect that the parties had a meeting of the minds on essential terms such as subject matter of bargain, quantity involved, the time of performance, and the price. Prevado Village, 3 Cl. Ct. 219. The uncontroverted facts conclusively show that mutual intent to contract was lacking.

The contracting officer, Roscoe Crawford, testified that he never received a revised schedule from ISN that predicated the approval of the ECP. DPFUF 8[2]. Mr. Crawford testified that discussions he had with the contracting officer's technical representative ("COTR"), Jeff Bergdahl, indicated that the proposed cost for the ECP was "unreasonably priced." Id. The facsimile letter from Mr. Bergdahl to Mr. Crawford recommended that the contracting officer should negotiate all terms and conditions listed in the ECP. Pl. Ex. 7[3]. As demonstrated by the absence of an SF-30, the contracting officer never approved the ECP. Moreover, ISN's own progress reports submitted during the fall of 1995 acknowledged that the ECP was not approved. DPFUF 9. In addition, a January 1996 letter from ISN to the Government also acknowledged that the ECP was not approved. Id.

Because the price terms of the ECP were never conclusively negotiated, as indicated by the contracting officer's testimony, the COTR's "technical" approval letter, and numerous communications by ISN to the Government, there was no "meeting of minds" regarding the ECP. Consequently, there was no contract. "In the absence of contractual intent, . . . no contractual obligations arise." Modern Systems Technology Corp. v. United States, 979 F.2d 200, 202 (Fed.

[2] "DPFUF __" is a reference to a particular number in Defendant's Proposed Findings of Uncontroverted Fact, filed concurrently with this brief.

[3] "Pl. Ex. __" is a reference to a particular exhibit in plaintiff's appendix.

Cir. 1992). Accordingly, the Court should deny plaintiff's motion for partial summary judgment and grant the Government's cross-motion for summary judgment.

D. An Implied-In-Fact Contract Was Not Formed Because The ECP Was Not Accepted By A Government Official Possessing Authority To Contract

To bind the Government to a contract, the Government official agreeing to the contract must possess actual contracting authority. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); Harbert/Lummus Agrifuels Projects v. United States, 142 F.3d at 1432. Regardless of the official's title or breadth of responsibility, the official must possess actual authority to contract. Jascourt v. United States , 207 Ct. Cl. 955 (1975) (Government not bound by the actions of the Deputy Assistant Secretary of Labor); Housing Corp. v. United States, 468 F.2d 922 (Ct. Cl. 1972) (HUD Secretary's unauthorized signature did not bind the Government).

A Government agent possesses express actual authority in contract only when the Constitution, a statute, or a regulation grants it to that agent in unambiguous terms. Garza v. United States, 34 Fed. Cl. 1, 17 (1995). A contractor who enters into an arrangement with an agent of the Government bears the risk that the agent is acting outside the bounds of his authority, even when the agent himself was unaware of the limitations on his authority. Merrill, 332 U.S. at 384. A Government's employee's unauthorized statements to citizens cannot obligate the Treasury for the payment of funds. Office of Personnel Management v. Richmond, 496 U.S. 414, 428 (1990). The burden falls upon the plaintiff to allege facts sufficient to show that a Government agent had authority to contract. Hansen v. United States, 13 Cl. Ct. 519, 524 (1987).

In this case, authorization to contract is granted through 48 C.F.R. 1.603-3, which calls for the appointment of designated contract officers by name using the Certificate of

Appointment, Standard Form 1402. Each contracting officer must meet the qualifications listed in 48 C.F.R. 1.603-2, including knowledge of acquisition policies and procedures.

There is no question that the contracting officer had the authority to bind the United States in contract. In addition, it is undisputed that neither the COTR, or the contract specialist, possessed the authority to bind the Government in contract. However, as we demonstrated above in II-C, a meeting of the minds upon the time of performance and the price was never made final, and the ECP was never accepted by the person with authority to bind the United States, the contracting officer. Accordingly, the Court should grant the Government's cross-motion for summary judgment.

III. ISN's Motion For Partial Summary Judgment Should Be Denied Because Execution Of A Written Modification Regarding The ECP Was Not A "Mere Formality"

In its motion for partial summary judgment, ISN argues that the conduct of the parties indicates that an implied-in-fact contract was formed. Pl. Br. at 5. ISN alleges that after they submitted the ECP's, that various representatives from the Navy informed them that they should proceed with the work set forth in the ECP, or that they were never told not to proceed. Consequently, ISN contends that the Navy accepted the ECP and that the lack of an SF-30 was a "mere formality." Id. at 18. ISN relies upon numerous cases that allegedly provide for an exception to the regulatory requirement, and allow for implied-in-fact contracts.

As explained below, however, ISN's motion should be denied because the parties' conduct did not demonstrate that an agreement was ever reached regarding essential elements of the contract modification, namely the pricing and schedule of the ECP.

As we demonstrated above, the requirements for an implied-in-fact contract are the same for an express contract. See II-A. A supplemental agreement such as the ECP in this case

requires a bilateral modification. It is undisputed that the parties did not execute such a modification. Moreover, FAR sections 43.301 and 43.103 mandate the use of an SF-30 to create a binding agreement. Absent the SF-30 there is no enforceable agreement. Accord SCM Corporation, 595 F.2d at 598; see also Mil-Spec, 835 F.2d at 867.

Despite these requirements, ISN maintains that the alleged agreement, reached here by the conduct of the parties through an implied-in-fact contract, is similar to the conduct of the parties in several cases, including Texas Instruments, Inc. v. United States, 922 F.2d 810 (Fed. Cir. 1990), Cities Service Gas Co. v. United States, 500 F.2d 448 (Ct. Cl. 1974), and Narva Harris Constr. Corp. v. United States, 574 F.2d 508 (Ct. Cl. 1979), which provide an exception to the requirement. See Pl. Br. at 17-21. ISN's reliance upon these cases is misplaced, and because the law requires a formal modification in this case, ISN's arguments must be disregarded in any event. We address each case in turn.

A. Texas Instruments Is Inapposite

In Texas Instruments, the Federal Circuit found that the absence of an SF-30 "does not exclude the possibility that a final binding agreement was reached." 922 F.2d at 814. However, it was important to the court's decision that the agreement in that case did not involve a contract modification, which would have required execution of an SF-30, but was rather a "fulfillment of an express contract term that required both parties to negotiate firm fixed prices for unpriced line items." 922 F.2d at 814. Indeed, in that case, the parties had agreed to the particular prices of the various line items at issue, but the parties failed to formalize their agreement. Id. In this case, however, the ECP was a supplemental agreement that changed the entire scope of the contract — not simply unpriced line items, but the prices to which the parties had agreed. Moreover, the

parties did not reach an agreement regarding essential terms of the modification. As we demonstrated above, and as required by the FAR, the absence of an SF-30 indicates that a final binding agreement was not reached.

Notwithstanding this simple proposition, ISN argues that the parties actions demonstrate that an agreement was reached and that it is entitled to an implied-in-fact contract analysis. ISN argues that the contracting officer's testimony indicates that the "only reason that the SF-30 was not issued was due to the lack of a revised schedule." Pl. Br. at 21. Further, ISN contends that "it is undisputed that a revised schedule was attached to the ECP, and that ISN was not told to submit a different schedule or to not commence work on the ECP." Id. ISN's allegations are incorrect for several reasons.

First, the contracting officer did not testify that the "only" reason he had not approved the ECP was because he was awaiting a “revised installation and cutover schedule.” DPFUF 8. He also testified that the technical representatives were concerned that the ECP price was unreasonable. Id. Second, the letter from the contract specialist, upon which ISN relies for its argument that the Government "will" approve the ECP, was issued after ISN submitted its ECP and specifically requested that ISN provide a delivery schedule. Pl. Ex. 6. However, no schedule, revised or otherwise, was ever received by the contracting officer subsequent to that request.

Third, the letter from the COTR made it clear that further negotiations regarding the terms of the ECP were required before approval would be granted, Pl. Ex. 7, and based upon meetings between ISN and the technical representatives, ISN was aware that additional funding would be required before the parties could agree to the modification. DPFUF 14. Fourth,

according to the minutes of a December meeting between the contracting officer and technical personnel, ISN did not provide a revised delivery schedule that was agreeable, and ISN would not pay consideration to extend the schedule. DPFUF 13. Fifth, despite allegedly proceeding with work pursuant to the ECP, ISN's project manager testified that ISN was aware that it should not begin such work in the absence of a formal modification, and that without funding the modification would not occur. DPFUF 14. Finally, ISN's own progress reports indicated that the ECP was never approved. DPFUF 9. Such actions are contrary to ISN's position that it is undisputed that there was an agreement between the parties.

B. Cities Gas Service Is Inapposite

In Cities Gas, the Court of Claims found that a contractor was entitled to recover upon an implied-in-fact contract even though the parties did not agree upon the ultimate price for the delivery of the natural gas to the Government. Cities Gas, 500 F.2d 448. In that case, the Army had expressly written a letter to the contractor insisting that the contractor continue its delivery. The Army continued to pay for the gas that was delivered, although the parties disputed the cost of that gas. Because the Army had continued to receive the delivery of the natural gas, and to pay for it, the Court found that the facts established a "meeting of the minds," and accordingly, an implied-in-fact contract. Id. at 452.

The facts in Cities Gas are similar to those in Texas Instruments in that the service that was provided under the original contracts was no different from that which was provided under the Court determined implied-in-fact contract. In this case, however, the engineering change proposal was a departure from the original contract requirements, and because ISN had been having troubles meeting the contract schedule up to that point, the need for a meeting of the

minds on the new schedule was vitally important to the Navy, as demonstrated by the contract specialist letter requesting a new schedule, Pl. Ex. 6, and the December 6, 1995 meeting notes, that indicated the contracting officer's concerns regarding the a "realistic new deliv(ery) schedule would be." DPFUF 13. Consequently, the facts of this case do not follow the facts in Cities Gas and ISN's reliance upon that case is misplaced.

C. Narva Harris Is Inapposite

In Narva Harris, the Court of Claims found that the appropriate authorized representatives from the Department of Housing and Urban Development had negotiated with the contractor to perform certain projects that were not originally contemplated in the contract. Narva Harris, 574 F.2d at 509-510. In addition, the contractor completed the projects to the satisfaction of all the parties. Id. The commitments of the Government in that case were oral only, and HUD never adjusted the cost figures in a written modification, even though the assured the contractor that the cost figures would be increased at a later date. Id. Pursuant to a statutory requirement for a binding written agreement, the Government argued that the contract was not binding. The Court held otherwise, and denied the motions for summary judgment, and remanded to the trial division for further proceedings. Id. at 512.

In this case, however, none of the Navy's representatives agreed to the proposed costs in the ECP. First, the COTR's "technical" acceptance letter indicated that the contracting officer should further negotiate all the terms and conditions. Pl. Ex. 7. Second, the contracting officer testified that the COTR was concerned that the ECP was "unreasonably priced." DPFUF 8. Finally, ISN's program manager testified that ISN was aware that it should not proceed without a modification to the contract and that funding would be required before the modification would be

approved. DPFUF 14. Consequently, the facts here demonstrate that the parties never reached an agreement as to essential terms to the modification, particularly price, and ISN's reliance upon Narva Harris is misplaced.

Because there is no bilateral modification to the contract, incorporating among other things the price terms or an acceptable delivery schedule, there is not an enforceable agreement. Consequently, ISN's fundamental premise that the action of the parties created an enforceable agreement is incorrect.

## CONCLUSION

We have demonstrated above that there is no enforceable contract modification in this case. There was no mutual manifestation of the parties' intent to be bound in contract. Moreover, the parties did not comply with mandatory FAR provisions regarding formal entry of an SF-30 for bilateral modifications. As result there is no need for this Court to reach the merits of ISN's arguments regarding an implied-in-fact contract. Even if the Court were to address those arguments, the facts demonstrate that the parties never had a mutual intent regarding the terms of the ECP. Consequently, ISN's implied-in-fact argument must fail.

For the foregoing reasons, the United States requests the Court to deny ISN's motion for partial summary judgment on Count I, to find that there are no genuine issues of material fact precluding judgment in the United States favor, and to enter judgment for the United States upon Count I of the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ Brent M. McBurney

BRENT M. McBURNEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, Room 12074
Washington, D.C. 20530
Tele: (202) 307-0277

April 29, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 29th day of April, 2004, a copy of the foregoing "OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF'S COUNT I," was filed electronically. In addition, a copy of the following documents were also filed electronically on this date:

1. "DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS;"

2. "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS;"

3. "APPENDIX OF EXHIBITS SUPPORTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT" (in multiple attachments).

I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Brent M. McBurney