No. 02-796C
(Judge Allegra)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

INFORMATION SYSTEMS & NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACTS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

BRENT M. McBURNEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, Room 12074
Washington, D.C. 20530
Tele: (202) 307-0277

April 29, 2004

Attorneys for Defendant

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-796C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACTS

Pursuant to Rule 56 (h)(2) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits its response to plaintiff's proposed findings of uncontroverted facts, which plaintiff submitted in support of its motion for partial summary judgment filed on October 20, 2003. This response references the numbered paragraphs in plaintiff's proposed findings of uncontroverted facts.

1. Agrees.

2. Agrees.

3. Agrees that Mr. Bergdahl so testified.

4. Agrees.

5. Disagrees. The contract consisted of nine lots. Lot II covered Japan only and Lot IV covered Puerto Rico. See Def. App. 3-9

6. Agrees.

7. Agrees.

8. Agrees.

9. Disagrees. Plaintiff's Exhibit 3 does not show $7 million in funding for ANCC/ATC for Fiscal Year 1996. Rather, this document shows that funding in the amount of $4,416,646 was added to the project, for a then cumulative total of $6.9 million. Pl. Ex. 3.

10. Agrees. However, we deny that paragraph 4 of plaintiff's Exhibit 4 references any funding amount, or references to SPAWAR and the ATC Program; rather, paragraph 4 states when the funds expire, e.g. September 30, 1998.

11. Agrees.

12. Agrees.

13. Agrees.

14. Agrees.

15. Agrees.

16. Agrees.

17. Agrees.

18. Agrees.

19. Agrees.

20. Disagrees. The Navy contract specialist, Lisa Murtha, had no warrant authority, and could not change the contract's terms and conditions without the concurrence of the contracting officer.

21. Agrees.

22. Agrees.

23. Agrees.

24. Agrees that an ECP was submitted on June 20, 1995 and further agrees that it included a revised proposal/schedule. However, the Government disagrees with the allegation in paragraph 24 that the ECP submitted was a "final" ECP because the parties never agreed to the final schedule or a price for the ECP.

25. The proposed fact set forth in paragraph 25 is not a fact, it states a legal conclusion; therefore there is not a dispute as to a material fact precluding this Court from entering judgment in favor of the United States. To the extent the allegation is deemed a fact, we disagree because the Navy did not approve the modification. The Program Office at SPAWAR approved only the technical aspects of the ECP, that is, the changes in configuration and equipment required by the ECP. Final approval, however, is a contractual term and requires written approval by the contracting officer, which never happened. None of the cited references in the Bergdahl deposition state anything beyond the fact that the ECP was technically approved; nowhere did Mr. Bergdahl state that the contracting officer approved the ECP in writing.

26. Agrees, but defendant notes that the proposed fact set forth in paragraph 26 is one of several statements made by the contract specialist, Ms. Murtha. However, the cited document refers to additional reviews required by SPAWAR, and the need for a delivery schedule. No delivery schedule was ever agreed upon reflecting the ECP. Although the cited letter indicates that a contract modification will be issued, the contract specialist, Ms. Murtha, had no authority to actually approve the ECP, and in fact neither she nor the contracting officer ever approved this ECP.

27. Agrees.

28. Disagrees. The letter cited reflects only a "technical" acceptance of the ECP by SPAWAR. The Government avers that the letter reflects a need for further cost breakdown (para. 2a, and b); a need to identify surcharge differences (para. 2e); and the need to arrange additional funding (para. 4). Moreover, approval by the contracting officer never occurred, and is separate factually and legally, from a technical approval.

29. Agrees, but only to the extent that the proposed statement set forth in paragraph 29 reflects technical approval by SPAWAR, which is specifically what Mr. Bergdahl admitted. It specifically does not reflect any contracting officer “approval.”

30. Agrees, but only to the extent that the proposed statement of fact set forth in paragraph 30 reflects technical approval by SPAWAR, and forwarding to FISC/contracting officer for their review and further action. We do not disagree that the document cited in the second sentence of paragraph 30 is the document that it purports to be, but that document is the best evidence of its contents.

31. Agrees, but only to the extent that Mr. Bergdahl references the technical approval document, which included reference to the need for further funding action by FISC (by the contracting officer).

32. Agrees that Mr. Bergdahl so testified. However, the Government disagrees that the document cited was provided to "exercise" the ECP.

33. Agrees, but with the clarification that the referenced Exhibit 9 is only a funding document, not a contractual document. These funds were never placed on the contract; nor was any ECP “exercised” by this funding document.

34. The proposed fact set forth in paragraph 34 is not a fact, it states a legal conclusion; therefore there is not a dispute as to a material fact precluding this Court from entering judgment in favor of the United States. To the extent that the allegation set forth in paragraph 34 is deemed a fact, even if SPAWAR "technically" approved the ECP, SPAWAR did not possess the requisite authority to contractulaly approve the ECP.

35. Agrees, but only to the extent that the cited comments refer to technical assistance regarding technical configuration. To the extent that anything more is implied, this would require clarification by the deponent, Mr. Bergdahl.

36. Agrees.

37. Agrees.

38. The proposed fact set forth in paragraph 38 is not a fact, it states a legal conclusion; therefore there is not a dispute as to a material fact precluding this Court from entering judgment in favor of the United States. To the extent that the allegation is deemed to be a fact, the Government disagrees because absent a contractual modification, the ECP was not approved. Mr. Bergdahl reference to work that ISN could perform pending the formal approval of the ECP referenced work under the existing contract, not necessarily the ECP.

39. Disagrees. Although Mr. Bergdahl admits that he did not direct ISN to <u>not</u> perform any work on the ECP, he also specifically stated that he did not recall what if anything was told to ISN by SPAWAR on this issue. <u>See</u> Def. App. 125.

40. Disagrees. Roscoe Crawford, the contracting officer, never used the word “only.” Mr. Crawford indicated that he was awaiting a “revised installation and cutover schedule.” However, no schedule, revised or otherwise, was ever agreed to by the contracting officer.

41. Agrees that a first "revised schedule" was attached to the ECP. However, the Government avers that the parties never agreed to the final schedule or price for the ECP.

42. Agrees, but the Government avers that the proposed fact set forth in paragraph 42 is one of several statements made by the contract specialist, Ms. Murtha. The cited document refers to additional reviews required by SPAWAR, and the need for a delivery schedule. No delivery schedule was ever agreed upon reflecting the ECP. Although the cited letter indicates that a contract modification will be issued, Ms. Murtha had no authority to actually approve the ECP, and the contracting officer ever approved this ECP. Pl. Ex. 6.

43. Agrees.

44. Agrees with the proposed fact set forth in the first sentence of paragraph 44, but only to the extent that this statement refers to the ECP schedule, but not the contract schedule. The Government avers, however, that regarding ISN's "compliance," or rather non-compliance, with the contract schedule, Mr. Bergdahl testified that no contract modification was reached between ISN and the Navy for a revised delivery schedule or completion of the Hampton Roads work. See Def. App. 129-130.

45. Disagrees. The referenced amount represents what ISN proposed as the cost of the ECP. The ECP was never agreed to by the contracting officer, nor incorporated into the contract. Furthermore, the contracting officer testified that Mr. Bergdahl had indicated to him that the proposed price was unreasonable and should be further negotiated. See Def. App. 122.

46. Agrees.

47. Agrees, but only to the extent that this reflects the view, or understanding, of Mr. Bergdahl.

48. Disagrees. The notes referenced reflect that ISN was having performance and schedule problems and that, therefore, SPAWAR cannot continue to state ISN is performing satisfactorily.

49. Agrees.

50. Agrees that ISN submitted a termination settlement proposal; disagrees that it fully complied with FAR 49 based on the results of the Defense Contract Audit Agency ("DCAA") audit of ISN's total cost settlement proposal.

51. Agrees, but only to the extent that the costs allegedly incurred to perform the worked described are supported by the termination settlement proposal submitted by ISN.

52. Agrees as to the questioned allowability of $1,011,047; however, we refer to the DCAA audit as the best evidence regarding disapproved costs. Def. App. 92.

53. Agrees.

54. Agrees.

55. Agrees.

56. Agrees.

57. Agrees that ISN submitted supplemental information; disagrees that ISN is thereby entitled to the claimed $891,364.

58. Agrees.

59. Agrees.

60. Agrees.

61. Agrees.

62. Agrees.

63. Agrees, but only to the extent that the refereneced figure is supported by the referenced DCAA audit report and the supplemental information submitted.

64. Agrees, but the Government notes that the referenced offer was continguent upon funding, which never approved. Further, this fact was decided in the prior proceeding to this case in Information Systems & Networks, Inc. v United States, Fed. Cl. No. 98-178, in favor of the Government. See Def. App. 111-114.

65. Agrees that the referenced letter states these things. However, this fact was decided in the prior proceeding to this case in Information Systems & Networks, Inc. v United States, Fed. Cl. No. 98-178, in favor of the Government. See Def. App. 111-114.

66. Disagrees. ISN did not agree with the Navy's settlement offer. This fact was decided in the prior proceeding to this case in Information Systems & Networks, Inc. v United States, Fed. Cl. No. 98-178, in favor of the Government. See Def. App. 111-114.

67. Agrees.

68. Agrees.

69. Agrees.

70. Disagrees. Mr. Crawford never characterized this request with "simply." The Crawford deposition is the best evidence as to what Mr. Crawford stated.

72. Agrees that Ms. Jones so testified.

73. Agrees.

74. Agrees.

75. Disagrees. None of this funding existed for disbursement. The referenced "settlement" was also no longer on the table, thus no funds were available.

76. Agrees, with the clarification that there is no indication whether or not these funds were ever actually available. Mr. Bergdahl similarly qualifes his reply. see Def. App. 126.

77. Agrees, that the proposed fact reflects Mr. Bergdahl's view on the then current status of these funds. The best evidence of this proposed fact is the testimony of the appropriate comptrollers office, or documentation issued by it.

78. Agrees.

79. Agrees, with the clarification that none of this money was ever distributed to the contract covering Lot I.

80. Agrees, with the clarification that none of this money was ever distributed to the contract covering Lot I.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ Brent M. McBurney

BRENT M. McBURNEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, Room 12074
Washington, D.C. 20530
Tele: (202) 307-0277

April 29, 2004

Attorneys for Defendant