**************************************************************

**UNITED STATES COURT OF FEDERAL CLAIMS**

**************************************************************

**02-796C**
**(Judge Allegra)**

**INFORMATION SYSTEMS & NETWORKS CORPORATION,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**************************************************************

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

**************************************************************

**Norman H. Singer, Esquire**
**Benjamin M. Kahrl, Esquire (of counsel)**
**Singer & Associates, P.C.**
**10411 Motor City Drive**
**Suite 725**
**Bethesda, Maryland 20817**
**(301) 469-0400**

**Attorneys for Plaintiff**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INFORMATION SYSTEMS & NETWORKS CORPORATION** | : | |
| **Plaintiff** | : | |
| **v.** | : | **Case No. 02-796C** |
| | : | **(Judge Allegra)** |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT.**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Information Systems and Networks Corporation ("ISN") hereby respectfully submits its response to defendant's proposed findings of fact in support of its cross motion for summary judgment regarding Count I. This response references the numbered paragraphs in defendant's proposed findings of uncontroverted fact. In response to defendant's proposed findings of uncontroverted fact, ISN states:

Contracts

1. ISN agrees that pages 1-34 of the appendix of exhibits supporting defendant's cross-motion for summary judgment ("defendant's appendix") comprise relevant portions of Contract No. N00600-94-C-0389 (the "Contract"). The terms of the Contract speak for themselves.

2. ISN agrees.

3. ISN agrees that it had a subcontract with Datacomm Management Sciences ("Datacomm") which provided for a firm fixed price for each item ordered. ISN disagrees to the extent that the proposed fact suggests that Datacomm was retained

for performance of all, rather than merely a portion of the Contract. Def. App. at 36.[1] ISN further contends that the proposed facts in defendant's paragraph 3 have no relevance to the parties' cross motions for summary judgment.

The Engineering Change Proposal

4. ISN disagrees. Defendant is merely editorializing, and not offering a statement of fact. Defendant also mischaracterizes the testimony of William Robertson, who never stated that ISN was behind schedule "[a]lmost from the beginning of contract performance" or that "chief" among the reasons for falling behind schedule was the "fact" that ISN had understaffed the project. Defendant's mischaracterizations are not statements of fact, and furthermore have no relevance to any issue raised in the parties' cross motions for summary judgment.

5. ISN agrees that the communications configuration at the Hampton Roads facility had changed, and that ISN submitted an Engineering change proposal ("ECP") on June 20, 1995. ISN disagrees that the ECP was the result of alleged "performance problems" and further notes that the ECP was submitted upon the request of the Government. Complaint ¶ 7.

6. ISN agrees, but adds that Murtha's letter indicates that SPAWAR's comments, if any, would be supplied within a day of the date of Murtha's letter. Def. App. at 54.

7. ISN agrees, but adds that paragraph 4 of the SPAWAR memorandum further states: "SPAWAR will change the funding document N0003995RCDL301 in the amount of $789,319 for the ATC at Puerto Rico currently at FISC DET, and will

[1] "Def. App." refers to pages in defendant's appendix of exhibits accompanying its cross-motion for summary judgment regarding plaintiff's Count I.

coordinate with NISE East DET Norfolk to arrange additional funding to satisfy this ECP . . . ." Pl. App., Exhibit 7 at 70.[2]

8. ISN agrees that Crawford testified that someone at SPAWAR viewed the ECP as unreasonably priced, but the cited testimony does not identify that information as coming from discussions with Jeffrey Bergdahl. Def. App. at 122. ISN agrees that Crawford testified that ISN never provided a revised installation cutover schedule, but adds that Crawford's testimony is clearly contradicted by the ECP itself (Pl. App., Exh. 5 at 58-66) and SPAWAR's statement in paragraph 3 of the memorandum that Bergdahl faxed to Crawford, which expressly stated: "SPAWAR agrees with ISN's new POA&M[3] Engineering and Technical Support Plan for NTCC Hampton Roads in" the ECP. Pl. App., Exh. 7 at 70.

9. ISN agrees that portions of the August 23, 1995 ISN internal memorandum are accurately quoted. ISN further agrees that its progress reports and Tabasco's letter indicate that the ECP had not been formally approved, although the Government had indicated its acceptance of the ECP and proceeded with knowledge that ISN had begun work on the ECP. Def. App. at 71-72.

Funding

10. ISN agrees that Bergdahl informed ISN that the ECP had been "technically approved." ISN notes that Bergdahl's August 31, 1995 memorandum is not found at Exhibit 7 of plaintiff's appendix, but at Exhibit 8 of plaintiff's appendix. ISN disagrees that Bergdahl stated in the August 31, 1995 memorandum that additional funds

[2] "Pl. App." refers to pages and exhibits in the appendix of exhibits accompanying plaintiff's motion for partial summary judgment.

[3] "POA&M" stands for "Plan of Action and Milestones." A copy of the POA&M for the ECP was attached to the ECP. *See* Pl. App., Exh. 5 at 62-66.

would have to be added to the contract to accommodate the ECP. With regard to funding, Bergdahl only wrote: "I am not aware of any other administrative items we owe FISC, other than changing the wording on the funding document at FISC." Pl. App., Exh. 8 at 72.

11. ISN agrees with that the first two sentences of paragraph 11 are supported by the funding documents cited therein. ISN denies the allegation that "[a]s of November 27, 1995, there was no money added to contract 0389 to fund the ECP." *See* ISN's Uncontroverted Fact Nos. 74 through 80 showing that monies were added to Contract 0389 through September 30, 1998.

12. ISN agrees that Bergdahl testified that the "agreed configuration" was set forth in the ECP, but not in the original language of the Contract itself.

13. ISN does not dispute that the document attached as pages 116-17 is genuine and speaks for itself. ISN disagrees with the statements written in that document.

14. ISN disagrees, and states that the cited portion of Robertson's testimony indicates that the Contract could not be completed without implementation of the ECP, and that the work requested by the Government would require a formal modification to the Contract. Def. App. at 119. Robertson did not testify that he was aware that funding was not available for the ECP, and in fact, funding is available. Robertson actually testified in response to a question about the Government's promise that the ECP would be funded "if ISN could make progress." Def. App. at 120.

<u>Termination</u>

15. ISN agrees that the February 20, 1996 stop work order is a genuine document which speaks for itself. ISN also agrees that the March 15, 1996 notice of termination for convenience is a genuine document which speaks for itself. ISN disagrees with all other statements in paragraph 15, as they have no support whatsoever in the pages cited in the Defendant's Appendix.

16. ISN agrees that it submitted a termination settlement proposal on June 6, 1996, which contained a gross proposed settlement of $5,060,578. ISN also agrees that the original price of the Contract, prior to the ECP, was $4,416,646. ISN also agrees that its gross proposed settlement included $443,396 for profit, and $2,401,080 in direct materials. ISN disagrees with all other statements concerning the June 6, 1996 termination settlement proposal, as they constitute mere argument unsupported by any citation to defendant's appendix or the facts in this case. ISN further agrees that the December 29, 1999 letter from Datacomm found at page 91 of defendant's appendix constitutes a genuine document, but ISN disagrees with the statements made in that document.

17. ISN agrees that pages 92 through 101 of defendant's appendix constitute a genuine copy of the December 19, 1996 DCAA audit report, and that defendant has accurately described portions of that audit report with the exception that the December 19, 1996 audit report makes no specific reference to progress payments 3-5. ISN further agrees that pages 102-109 of defendant's appendix constitute a genuine copy of the November 13, 1995 DCAA audit report, a document which speaks for itself.

Previous Proceeding

18. ISN agrees.

Respectfully submitted,

__s/ Norman H. Singer__________________
NORMAN H. SINGER, ESQ.
BENJAMIN M. KAHRL, ESQ. (of counsel)
Singer & Associates, P.C.
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
(301) 469-0400

June 4, 2004 Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff Information Systems & Networks Corporation's Response to the Defendant's Proposed Findings of Uncontroverted Fact was served via electronic filing this 4th day of June, 2004, to:

Doris Susan Finnerman, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

_s/ Norman H. Singer_______________
Norman H. Singer, Esq.

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.