**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INFORMATION SYSTEMS & NETWORKS CORPORATION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 02-796C** **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**<u>JOINT STATUS REPORT</u>**

**Pursuant to the Court's order dated April 13, 2005, the parties respectfully submit this joint status report indicating how the remaining portions of this case should proceed.**

**<u>The Plaintiff's Position</u>**

**The Complaint as originally filed claimed damages of approximately $900,000 plus CDA and Prompt Payment Act interest and attorneys fees and costs. The amount of damages contains two elements: 1. The costs incurred by ISN on the ECP; and 2. The unpaid profit on the basic contract due to the costs incurred by ISN on the ECP. The Court has dismissed Count I of the Complaint alleging breach of an implied contract. Four(4) Counts remain. None of the remaining four Counts are premised on contract formation.**

**In an effort to clarify what was already alleged in a global manner in the Complaint, and what has been audited by the DCAA on two occasions, ISN intends on filing a motion to amend the Complaint primarily to set forth the elements of its damage claim. None of the amendments will be a surprise to the defendant. There is direct relationship between the unpaid profit portion of the damages and the ECP costs. By including the ECP costs in its analysis, the DCAA placed the contract in a loss position. Then, because the contract**

**was in a loss position, the DCAA concluded the ISN was not entitled to profit as required in the basic contract.(There is no dispute over ISN's entitlement to profit and its amount assuming ISN provided the estimate to complete-which it did-and the contract was viewed without the ECP costs.) Other than this clarification, ISN does not intend to change any of the remaining four(4) counts or to add other counts. ISN intends on filing the motion within the next thirty(30) days. ISN would then like to take certain discovery, including, the depositions of the two DCAA auditors who performed each of the audits. In addition, because the focus of the case to date has been on the implied contract,(and before that on the alleged settlement agreement), virtually no discovery has been taken on the remaining counts or defenses to those counts. Thus ISN is proposing continued discovery until November 1, 2005. ISN then proposes the filing of dispositive motions by December 1, 2005 by either party.**

**Plaintiff's Proposed Schedule:**

1. **Motion to Amend Complaint due in 30 days.**
2. **Continued Discovery Until November 1, 2005.**
3. **Dispositive motions by either party due December 1, 2005.**

**The Defendant's Position**

**The pending complaint was filed by ISN on July 16, 2002, and contains five counts: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) constructive change; (4) equitable adjustment; (5) attorney fees and costs. On April 12, 2005, the Court dismissed count I of ISN's complaint, holding that there was no implied-in-fact modification of the contract that incorporated an engineering change proposal ("ECP") submitted by ISN.**

**The substantive counts of the complaint – counts one through four – all relate to ISN's allegation that the Government had approved the ECP submitted by ISN. For example, paragraph 22 in count II avers that the Government approved the ECP but refused to pay for such services, paragraph 26 in count III avers that the ECP was a constructive change to the contract, and paragraph 30 in count IV avers that ISN is entitled to an equitable adjustment for the ECP. As the Court's opinion notes, however, the Court does not possess jurisdiction to award relief based upon a theory that ISN's performance conferred benefits upon the Government and gave rise to an implied-in-law contract. Therefore, should ISN fail to dismiss voluntarily these claims, the Government proposes to file a motion to dismiss and/or for summary judgment as to each of the remaining counts of the complaint.**

**Moreover, ISN should not be permitted to amend its complaint to set forth a new claim. According to ISN, it intends to amend its complaint to allege that the Government refused to pay $443,396 in profit, which ISN contends it earned on the terminated contract. The facts relating to this claim are as follows:**

**On July 15, 1994, the Government awarded the contract at issue to ISN. The Government terminated this contract for the convenience of the Government on March 15, 1996. On June 6, 1996, ISN submitted a termination settlement proposal ("TSP"). The TSP identified total costs, including costs in performing the ECP, of $4,433,959, and profit of $443,396. The TSP was audited by the Defense Contract Audit Agency ("DCAA"), which issued its report on December 19, 1996. The DCAA questioned the entire amount of the claimed profit because (1) ISN had not provided any estimate to complete or percentage of completion, (2) ISN significantly underbid the contract by approximately**

**$900,000, and (3) an earlier audit report had concluded that ISN was in a loss position on the contract. On December 9, 1997, the termination contracting officer made a determination that the gross settlement for the termination was $4,049,532, and the net amount due ISN was $0.**

**On March 13, 1998, ISN filed its initial complaint in this Court (Docket No. 98-178C).**

**ISN represents that it intends to file a motion to amend the complaint to add a new claim. In particular, ISN seeks to amend the complaint to allege that it is entitled to profit in the amount of approximately $450,000. As this claim is not timely, ISN should not be permitted to amend its complaint.**

**Rule 15(c)(2) states that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In this case, the profit that ISN seeks on its performance of the contract did not arise out of the conduct giving rise to ISN's claim for an implied-in-fact or implied-in-law contract, which are the claims alleged in its complaint. Accordingly, the proposed amendment does not relate back to the date of the original complaint.**

**Respectfully submitted,**

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**s/ Brian M. Simkin**
**BRIAN M. SIMKIN**
**Assistant Director**

**s/ Norman H. Singer**
**NORMAN H. SINGER**
**Singer & Associates, P.C.**
**10411 Motor City Drive**
**7th Floor**
**Bethesda, MD 20817**
**Phone: (301) 469-0400**
**Fax: (301) 469-0403**

**Attorney for Plaintiff**

**s/ Doris S. Finnerman**
**DORIS S. FINNERMAN**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit**
**8th Floor**
**1100 L Street, N.W.**
**Washington, DC 20005**
**Phone:(202) 307-0300**
**Fax: (202) 305-7643**

**Attorneys for Defendant**