**EXHIBIT B**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INFORMATION SYSTEMS & NETWORKS CORPORATION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 02-796 C (Judge Allegra)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**AMENDED COMPLAINT**

The plaintiff, Information Systems & Networks Corporation ("plaintiff "or "ISN"), by its undersigned attorneys, for its **Amended** Complaint, alleges as follows, based on personal knowledge as to its own actions and upon information and belief as to the actions of others. For those matters alleged on ISN's information and belief, such matters are based upon, inter alia, the investigation of ISN's attorneys, publicly available documents and other documents presently available to ISN and its attorneys.

Nature of Action

1. ISN brings this action to recover its costs **and profit** incurred pursuant to a contract terminated for convenience by the defendant. Thereafter, ISN submitted its certified, total cost basis, termination settlement proposal in accordance with the Federal Acquisition Regulations ("FAR"), Part 49. The termination settlement proposal included costs incurred by ISN for work performed pursuant to an Engineering Change Proposal ("ECP") which although

agreed upon, had not been formally incorporated by a formal modification into the contract, as **well as profit on the completed basic contract**. The defendant failed to pay any of ISN's costs connected with the ECP **or the profit**, thereby breaching the contract which had been modified by the ECP. The work under the ECP was requested, authorized, and directed by the defendant and was necessary and an inherent component to the performance of ISN on the contract.

Jurisdiction

2. This Court has jurisdiction as a result of the cognizant Contracting Officer ("CO") failing to issue a Final Decision within the prescribed time period pursuant to the FAR and the Contract Disputes Act of 1978, 41 U.S.C. §601 et. seq. as amended ("CDA"). ISN first asserted its certified claim under the subject contract on April 8, 2002. In that claim, ISN asserted that it had incurred costs in excess of the contract limitations which were included in the ECP and which were approved and ratified by the CO, **and that it had not been paid the profit portion of the completed basic contract.** The CO was requested to issue a Final Decision within 60-days of April 8, 2002 and failed to do so. Accordingly, ISN may proceed in this Court.

The Parties

3. Plaintiff ISN is a small, minority-owned business incorporated under the laws of the State of Maryland. ISN's corporate headquarters are located at 10411 Motor City Drive, Bethesda, Maryland 20817. ISN is an experienced Government contractor and has performed various contracts for the defendant in the field of computers, telecommunications, security system integration engineering, and related fields. ISN provides its services, and has provided its services since 1980, to both Government and commercial clients.

4. The defendant is the United States, acting through the Department of the Navy,

Fleet and Industrial Supply Center, Norfolk (Detachment Washington) ("FISC") acting by and through its CO, Administrative Contracting Officer ("ACO") and other designated Contracting Officers and authorized representative.

Facts Common to All Counts

5. The defendant, through the Department of the Navy, awarded Contract No. 00600-94-C0389 ("the Contract") to ISN on or about July 15, 1994 to provide turnkey automated technical control systems ("ATCS") at designated Navy sites. In accordance with the Contract requirements, ISN would provide all material, labor, and services to engineer, install, test, provide operational assistance and training, and maintenance services for three ATC turnkey facilities at three locations. The Contract was performed for the benefit of the Space and Naval Warfare Systems Command ("SPAWAR"). SPAWAR is responsible for all naval-data communications of both ship and shore facilities, as well as the Navy's echelon command. The Contract was a **firm**, fixed-price **contract totaling $4,416,645. The agreed upon profit was ten percent (10%) of the Contract costs or $441,665**. The Contract consisted of two Lots: Lot I consisted of the locations of Hampton Roads, Camp Smith and Makalapa. Lot II consisted of Puerto Rico and Japan.

6. Due to numerous revisions by the defendant to the port requirements in the ATCS site/facility and equipment configurations, ISN was requested to submit the ECP so as to incorporate the directed changes into the Contract. The ECP principally involved equipment modifications at the Navy's Hampton Roads facility because the site configuration at Hampton Roads had changed.

7. On or about June 20, 1995, ISN submitted the ECP in the form of a letter to the

CO's representative ("COR"). In addition to providing details of the directed changes to the Contract, the letter ECP also submitted a cost estimate proposal for the ECP.

8. On or about August 31, 1995, the COR informed ISN that the ECP had been technically approved by SPAWAR and that there would be a schedule extension as a result. ISN was further informed that a formal contract modification would be issued by the defendant in an expeditious manner and that they should proceed with the work in consideration thereof.

9. On or about August 31, 1995, ISN was again informed in writing that the ECP had been approved, and that SPAWAR had submitted all the documentation to the CO. SPAWAR further informed ISN that only the wording on the Contract funding document had to be changed. Accordingly, the funding document was amended to transfer funds to the Contract in order that the ECP would be paid for by the defendant.

10. Based upon SPAWAR's approval of the ECP, and the necessity of implementing the ECP configuration to perform the contractual requirements, ISN proceeded to perform the required and directed changes, **with the knowledge of SPAWAR**. SPAWAR provided assistance to ISN with regard to **the** ISN ECP work. Both SPAWAR and ISN understood that the ECP had been approved by the defendant, but that the formal documentation had not been issued.

11. The Contract was terminated for the convenience of the defendant effective March 15, 1996. ISN then submitted its certified, total cost basis, termination settlement proposal in accordance with the FAR, **Part 49. The termination settlement proposal included the time and costs incurred on the ECP as well as the unpaid profit on the Contract.**

12. The Defense Contract Audit Agency ("DCAA") conducted an audit of ISN's

termination settlement proposal and questioned **primarily three (3) claims made in the proposal: 1. The unpaid profit of $441,665; 2. The ECP costs in excess of the Contract of $460,708; and 3. Settlement expenses of $151,539.** On or about August 8, 1997, the Terminating Contract Officer ("TCO") issued a unilateral determination which included the acceptance of the conclusions of the DCAA Report.

13. Pursuant to the TCO's suggestion, ISN then submitted additional information which detailed the basis for the incurred costs in excess of the contract limitation which were incurred directly on the ECP and which were approved and ratified by the CO, **as well as the profit and settlement expenses**. As a result of this submittal, the TCO represented to ISN that it was entitled to the costs incurred on the ECP **and the profit** totaling in excess of $890,000 **and that the defendant would settle the termination proposal for that amount**.

14. Despite the requirement of the Contract as modified and the conclusions and representations of the TCO, the defendant has failed to pay to ISN any of the costs incurred on the ECP the profit and settlement expenses which total **in excess of $ 900,000.**

COUNT I
( For Breach of Contract)

**(Omitted)**

COUNT II
(For Breach of Contract Due to Breach of the Covenant of Good Faith and Fair Dealing)

15. ISN repeats and incorporates herein paragraphs 1 through 14 as if fully set forth herein.

16. The Contract imposed on the defendant the obligation to exercise good faith and

fair dealing with ISN. In addition, the defendant was under a duty pursuant to the Contract to render reasonable cooperation to ISN in the performance of the Contract and additional duties including, **inter alia**, not to hinder ISN's performance or make representations regarding performance required by ISN which were not true. **This obligation also included utilizing the results of the DCAA Audit in an appropriate and reasonable manner, including the use of appropriate documentation and facts as provided by defendant**.

17. The defendant acted in bad faith under the Contract in the following respects, inter alia:

a) Advising ISN, both orally and in writing, that its ECP proposal, both in terms of the proposed services and costs, was approved by the defendant, and if ISN performed the services, it would be paid its costs;

b) Representing to ISN that it should perform the services as set forth in the ECP because a formal contract modification had been approved and that the formal paperwork would eventually catch up;

c) Directing, authorizing, and approving the services performed by ISN under the ECP and then failing to pay for such services;

d) Recognizing, through the TCO, that ISN was entitled to the costs incurred by it on the ECP **and the profit on the Contract and then refusing to act reasonably in paying such obligations.**

**e) Adopting the results of the DCAA Audit Report on the claim without taking into account the underlying facts and failing to provide the DCAA the accurate facts and documentation so as to enable the DCAA to perform an**

**appropriate audit.**

18. The aforementioned actions of the defendant constitute bad faith and unfair dealing and **are** material breaches of the Contract.

19. ISN has been damaged by the defendant's breaches of the Contract in excess of **$900,000** plus Prompt Payment Act interest and CDA interest.

COUNT III
(For Constructive Change)

20. ISN repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. The services and work performed on the ECP were not contemplated by the original scope of services set forth in the Contract. The ECP services were required for ISN to perform the Contract and ISN could not perform the Contract without incorporating the ECP changes into the statement of work. The ECP, at the very least, constitutes out-of-scope work **either** approved by the defendant **or known by the defendant** and is a constructive change to the Contract.

22. **By refusing to pay the costs associated with the constructive change to the Contract, but at the same time advising the DCAA to include those costs in determining whether the Contract was performed at a loss, (and therefore whether ISN is entitled to profit) the defendant orchestrated an artificial reason for not paying the profit on the Contract.**

23. The defendant has breached the Contract by failing to pay, **inter alia,** for the costs incurred by ISN on its constructive change to the Contract **as well as the profit on the Contract**.

24. ISN has been damaged in an amount in excess of **$900,000** plus Prompt Payment

Act interest and CDA interest.

COUNT IV
(For An Equitable Adjustment)

25. ISN repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. The defendant through its actions, approved, authorized, and directed ISN to perform the ECP services which constituted a change in the scope of work as originally contemplated by the Contract.

27. The approved and authorized change in the scope of work under the ECP caused ISN to incur costs with the knowledge of the defendant.

28. The defendant has failed to pay for such costs.

29. **As a result of its refusal to pay the costs, defendant orchestrated the basis for not paying the profit on the Contract as well as the settlement expenses.**

30. Pursuant to the Contract, an equitable adjustment is required to be made to the Contract for the ECP change **costs, the unpaid profit on the Contract, and the other costs.** ISN is entitled to an equitable adjustment of the Contract as a corrective measure to be made whole.

31. The equitable adjustment of the Contract should be for an amount in excess of **$900,000.** It should also include Prompt Payment Act interest and CDA interest.

COUNT V
(For Attorney's Fees and Costs)

32. ISN repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. ISN is entitled to an award of its reasonable fees and expenses of its attorneys pursuant to 28 U.S.C. §2412, **et. seq**. Defendant shall be liable for such fees and expenses to the

same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

WHEREFORE, Plaintiff Information Systems & Networks Corporation, by its undersigned attorneys, demands judgment against defendant, The United States, in an amount in excess of **$900,000** and Prompt Payment Act interest on such amounts as invoiced, and Contract Disputes Act interest on such amounts **found to be due** and its reasonable attorney's fees and costs, and for such other and further relief as this Court may deem proper.

Respectfully submitted,

Dated: May , 2005

NORMAN H. SINGER, ESQUIRE
Singer & Associates, P.C.
10411 Motor City Drive
7th Floor
Bethesda, Maryland 20817
(301) 469-0400 - Phone
(301) 469-0403 – Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ____ day of May, 2005, I caused to be placed in the United States mail, First Class, postage prepaid, copies of Plaintiff's Complaint, addressed as follows:

**Doris Finnerman, Esquire**
Commercial Litigation Branch – Civil Division
Department of Justice
Attention: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

____________________________
Norman H. Singer, Esquire