IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-796C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO MOTION TO AMEND COMPLAINT

Plaintiff Information Systems & Networks Corporation ("ISN") moves to amend its complaint. The amended complaint seeks to add a claim that ISN is entitled to profit of $441,645 on the original contract, which was terminated for the convenience of the Government. ISN's motion should be denied because this claim was not raised in the original complaint, it was not filed within six years after the claim accrued, and the claim does not relate back to the date of the original pleading because it did not arise out of the conduct set forth in the original complaint.

The original complaint was filed by ISN on July 16, 2002, and contains five counts: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) constructive change; (4) equitable adjustment; (5) attorney fees and costs. As ISN correctly acknowledges, the parties, in cross-motions for summary judgment, addressed the issue raised in count one, that is, "whether the parties had entered into a contract for the Engineering Change Proposal ("ECP")." Pl. Motion at 1. As described in the original complaint, ISN proposed the ECP on or about June 20, 1995, and it was approved by the Government on or about August 31, 1995. Complaint, ¶¶ 7-10. Upon consideration of the parties' cross-motions, the Court dismissed count one of ISN's complaint, holding that there was no implied-in-fact modification of the contract

that incorporated an ECP submitted by ISN.

Each of the three remaining substantive counts of the complaint – counts two through four – all relate to ISN's allegation that the Government had approved the ECP submitted by ISN. For example, paragraph 22 in count two avers that the Government approved the ECP but refused to pay for such services, paragraph 26 in count three avers that the ECP was a constructive change to the contract, and paragraph 30 in count four avers that ISN is entitled to an equitable adjustment for the ECP.

Plaintiff now seeks to amend its complaint to allege a new claim. Accepting the allegations set forth in ISN's proposed amended complaint as true solely for purposes of this motion, ISN entered into the original contract on or about July 15, 1994, pursuant to which ISN was entitled to profit of $441,665. See amended complaint, ¶ 5. On March 15, 1996, the contract was terminated for the convenience of the Government. On June 6, 1996, ISN submitted a termination settlement proposal ("TSP"). The TSP identified total costs, including costs in performing the ECP, of $4,433,959, and profit of $443,396.

The TSP was audited by the Defense Contract Audit Agency ("DCAA"), which issued its report on December 19, 1996. The DCAA questioned the entire amount of the claimed profit because (1) ISN had not provided any estimate to complete or percentage of completion, (2) ISN significantly underbid the contract by approximately $900,000, and (3) an earlier audit report had concluded that ISN was in a loss position on the contract. See Defendant's Appendix supporting its cross-motion for summary judgment at 92, 97. On December 9, 1997, the termination contracting officer made a determination that the gross settlement for the termination was $4,049,532, which did not include any amount for profit, and the net amount due ISN was

$0. See Plaintiff's Appendix supporting its motion for partial summary judgment at 121-22. Accordingly, ISN's claim for profit accrued on December 9, 1997, and ISN was required to file a complaint as to this claim by December 9, 2003.

By the proposed amendment to its complaint, ISN seeks a judgment that it is entitled to $441,665, representing its alleged profit on the terminated contract. ISN avers that it is not adding any counts to the complaint or increasing the damages set forth in the ad damnum clause of the complaint; it contends that it is merely attempting to "clarify" the damages claimed. Pl. Motion at 2. ISN's ad damnum clause seeks damages "in an amount in excess of $890,000." Although ISN alleges that this amount included the profits to which ISN now alleges it is entitled, there is not a single allegation in the complaint demonstrating that ISN is entitled to such relief. See RCFC 8(a). Thus, ISN now attempts to amend the complaint to seek relief which is in addition to and distinct from the relief sought in its original complaint.

ISN alleges that its proposed amended complaint is authorized by Rule 15. Whether ISN's proposed amendment may be related back to the date of the original pleading is governed by Rule 15(c)(2), which permits relation back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "When determining whether an amendment should relate back, the 'fundamental question is not why the plaintiff failed to act sooner, but rather whether the late addition to the case comes without fair notice to the defendant and would cause undue prejudice.'" Holland v. United States, 62 Fed. Cl. 395, 407 (2004) (quoting Olech v. Vill. of Willowbrook, 138 F. Supp. 2d 1036, 1047 (N.D. Ill. 2000).

As this Court has recently observed, "A primary purpose of statutes of limitations is 'to

ensure that parties are given formal and seasonable notice that a claim is being asserted against them [.]' ... '[A] party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced.' Thus notice is the test, and it is built-into [sic] the rule's requirement that the amended pleading arise out of the same 'conduct, transaction, or occurrence.'" Stockton East Water Dist. v. United States, 62 Fed. Cl. 379, 392 (Fed. Cl. 2004) (quoting Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570, 587, 372 F.2d 951, 960 (1967)).

The conduct, transaction, or occurrence giving rise to ISN's claim for costs associated with the ECP is not the same conduct, transaction, or occurrence giving rise to ISN's claim for profit. As noted previously, the ECP claim was based upon ISN's proposal dated June 20, 1995, and the Government's alleged approval on August 31, 1995. ISN's claim for profit, however, arises out of its contract dated July 15, 1994, pursuant to which ISN was allegedly entitled to profit of 10 percent of its total costs, and the terminating contracting officer's decision dated December 9, 1997, which concluded that ISN was not entitled to profit.

Because ISN's claim for profit does not arise out of the same conduct, transaction, or occurrence set forth in the original complaint, the claim does not relate back to the date of the original pleading. Furthermore, ISN's claim for profit accrued on December 9, 1997, and any claim based upon this decision would be barred by the statute of limitations.

Further, it would be unduly prejudicial to the Government to require it to litigate ISN's contract costs at this time. The contract was awarded in 1994 and terminated in 1996. Thus, the relevant documents are over a decade old, and we do not know what has been preserved. While

ISN submitted certain documents to the DCAA for its audit, ISN may no longer have other relevent documents available. Upon information and belief, ISN is no longer actively in business, and accordingly, relevant witnesses may be difficult to locate. It cannot be said that we had fair notice of this claim, and we are, thus, entitled to the protections of the statute of limitations.

The proposed amendment to the complaint would be futile. Accordingly, we respectfully request that the Court deny ISN's motion to amend the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin / by Donald E. Kinner
BRIAN M. SIMKIN
Assistant Director

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Phone:(202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant