IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION,<br>Plaintiff, | ) | |
| v. | ) | No. 02-796C<br>(Judge Allegra) |
| THE UNITED STATES,<br>Defendant. | ) | |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND COMPLAINT

Plaintiff, Information Systems & Networks Corporation ("plaintiff" or "ISN"), by its undersigned counsel, files this Reply to defendant's Opposition to the Motion to Amend Complaint. The basis of the Opposition is that ISN seeks to assert via the amendment a claim which was not raised in the original Complaint and does not relate or arise out of the conduct alleged in the original Complaint. Neither basis is correct. The requested amendment does nothing more than clearly define the elements of ISN's damage claim which has never changed during the course of these proceedings. Therefore, there is no legal basis for denying the requested amendment.

Argument

Defendant asserts that plaintiff is seeking to amend the complaint "to allege a new claim."(Opposition at 2). This is not correct. As ISN has pointed out, the loss of profit claim was ALWAYS part of the original damage claim of $891,000 set forth in the original Complaint. The other portion of the claim were the ECP costs. The division of the plaintiff's damage claim between loss of profit on the original contract and the ECP costs is nothing new to the defendant. Attached is a letter dated March 10, 2004 from

plaintiff to defendant outlining the damage claim in the case and setting forth the claimed profit and ECP direct labor costs. See Exhibit A. What this letter demonstrates is that ISN always divided its damage claim between the loss of profit and ECP costs. The requested amendment merely makes this clearer than was originally alleged, where the damages were asserted generally**.** Thus, defendant's argument that this is a new claim which was not asserted in the original Complaint is not correct.

Defendant next contends that the loss of profit claim does not relate to the underlying facts regarding the ECP. Once again, the defendant is mistaken. The REASON the loss of profit was not paid on the original contract (admittedly it was earned by the plaintiff because the contract was fully performed) was directly due to the ECP costs. As a result of those costs ( there is no dispute that the costs were in fact incurred by ISN), the DCAA questioned ISN's entitlement to the claimed profit because the ECP costs had two direct effects on the loss of profit claim: First, the costs were used by DCAA to justify the contention that ISN underbid the contract (ie. exceeded the fixed price contract by the ECP costs). Second, the ECP costs were used by the DCAA to show that ISN incurred a loss under the contract. While ISN does not agree with any basis used by DCAA to avoid recommending the payment of the profit, for purposes of the motion to amend, the ECP costs have a direct relationship to the failure of the defendant to pay the profit. In other words, the proximate cause for ISN not being paid the profit were the ECP costs. Thus, the profit claim does arise out of the same transaction set forth in the original complaint because it is directly the result of the ECP costs. And, in part, the entitlement to the profit may in part be the result of ISN's entitlement to the ECP costs.

RCFC 15 places emphasis on the permissive approach that the Court takes to amendment requests, no matter what their character may be. Generally, the function of RCFC 15(a) is to provide generally for the amendment of pleadings so as to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint. Here, however, this amendment is not due to ISN overlooking a claim and now wanting to assert a new claim. Rather, it is due to ISN wanting to detail the nature of its damage claim, although well known by the defendant, and in an abundance of caution, wanting to clarify the exact components of its damage claim. Defendant's attempt to utilize this opportunity to avoid one half of ISN's damage claim should not be rewarded.

In addition, the defendant has not shown any prejudice that will result by allowing the amendment or that the proposed amendment is frivolous. In this case, the DCAA audited ISN's claims, which included the loss of profit portion, on two occasions. Two Reports were issued discussing the loss of profit claim portion of ISN's overall claim. At no time has ISN asserted that its ECP costs totaled $891,000, the amount of its ad damnum in the original Complaint. The defendant always knew that the ECP costs were only $460,708 of the total claim with the balance being the loss of profit claim. Thus, the defendant is well-prepared to defend a claim it has always known about and has acted on.

Unfortunately, ISN's intent on presenting a clear damage claim via an amendment to the complaint has been used by the defendant as an opportunity to attempt to avoid addressing one half of ISN's damage claim. Perhaps ISN should have remained silent, presented its evidence on damages at the time of trial and then asked that the pleadings be conformed to the evidence. While this would have avoided dealing with defendant's

baseless claims at this point, it is not the appropriate way to conduct litigation. That is why the amendment was sought.

Since the amendment does not assert a new or different claim, and has always been present in the case and known by defendant, the motion to amend should be granted.

Conclusion

For the reasons set forth, plaintiff, Information Systems & Networks Corporation, requests that the motion to amend be granted and the amended complaint be deemed filed.

Respectfully submitted,

Dated: June 10, 2005

_____________/s/_______________

NORMAN H. SINGER, ESQUIRE
Singer & Associates, P.C.
10411 Motor City Drive
7th Floor
Bethesda, Maryland 20817
(301) 469-0400 - Phone
(301) 469-0403 – Facsimile

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.