# In The United States Court of Federal Claims

No. 02-796C

(Filed: October 11, 2005)

_____

INFORMATION SYSTEMS & NETWORKS
CORPORATION,

           Plaintiff,

   v.

THE UNITED STATES,

           Defendant.

_____

**ORDER**

_____

       On May 18, 2005, plaintiff filed a motion to amend its complaint, on June 3, 2005, defendant filed its opposition, and on June 10, 2005, plaintiff filed its reply.  Defendant objects because it argues that the claim for lost profits was not raised in the original complaint, the claim was not filed within six years after the claim accrued, and the claim does not relate back to the date of the original pleading.  Plaintiff responds that its amendment is merely a clarification of a claim that was already present in the case at the original filing.

       Pursuant to an August 5, 2005, order asking the parties to indicate whether further discovery would be required if the proposed amendment was granted, plaintiff filed its status report on August 8, 2005, and defendant filed its status report on August 18, 2005.  Plaintiff indicated that it would not require any additional discovery, while defendant described several additional actions that would necessitate further discovery.

       RCFC 15(a) provides that once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Federal Circuit has indicated that reasons for denying an amendment include "undue delay, bad faith, dilatory motive, failure to correct deficiencies which could have been cured earlier and undue prejudice to the non-amending party by allowance of the amendment."  *Te-Moak Bands of Western Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1260-61 (Fed. Cir. 1991) (construing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant is quite correct that plaintiff did not plead that it was seeking recovery of lost profits in the initial complaint. All of plaintiff's claims in the original complaint dealt with plaintiff's loss related to the alleged modification of the contract. The redline amended complaint filed by plaintiff as Exhibit B to its motion clearly shows that the lost profits language was added to nearly every section. Plaintiff is attempting to add a new claim to its complaint, one that was not present when discovery in this case was conducted.

The question thus becomes whether the undue delay and prejudice to the non-moving party are sufficient to deny the motion to amend. Defendant argues that the amendment would require further discovery to investigate the lost profits claim, and that it would be prejudiced as the documents and facts relating to the 1994 contract, which terminated in 1996, are almost ten years old. Various cases demonstrate that the addition of a lost profits claim could greatly complicate the facts in this case, s*ee, e.g., Franconia Assocs. v. United States*, 61 Fed. Cl. 718 (2004), and, at the least, raises significant factual issues not previously present in this case. Thus, this court finds that granting the amendment would create both undue burden and undue prejudice to the defendant.

For the reasons outlined above, plaintiff's motion to amend its complaint is **DENIED.** On or before October 25, 2005, the parties shall file a joint status report indicating how this case shall proceed.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge