IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | Case No. 02-796C<br>Judge Francis M. Allegra |

JOINT STATUS REPORT

Pursuant to this Court's Order filed on September 27, 2006, the plaintiff, Information Systems & Networks Corporation ("ISN" or "plaintiff") and the defendant, the United States ("defendant") submit the following Joint Status Report regarding further proceedings in this case:

**ISN's Position:**

1. Discovery:

Pursuant to Order of this Court, fact discovery was concluded by the parties as of November 3, 2006. ISN took three depositions of the Defense Contract Audit Agency ("DCAA") auditors including a RCFC 30(b)(6) deposition of the DCAA regarding the audit of ISN's claim in this case. Defendant took no discovery depositions. The transcripts of the depositions have not been received as of the date of this Status Report. ISN believes the defendant has not discharged its discovery obligations, but can only confirm this after review of the transcripts. If after review ISN can confirm its belief, it

will provide defendant an opportunity to redress without the need for court intervention. If the parties are unsuccessful, ISN will file the appropriate motion.

2. Dispositive Motions.

ISN intends on filing either a Motion for Partial Summary Judgment on Damages or a Motion *In Limine* To Establish as Admitted All Costs Incurred. This Motion (in whatever form ISN ultimately decides) will be filed pursuant to the proposed scheduling order below. ISN also may file a Motion for Partial Summary Judgment on liability. However, because this is an equitable adjustment case, the factual issues on liability may not lend themselves to such a motion.

3. Scheduling Order.

ISN requests entry of a Scheduling Order as follows:

| | |
|---|---|
| A. All discovery motions | December 15, 2006 |
| B. Response to discovery motion | December 29, 2006 |
| C. Reply to Response | January 5, 2007 |
| D. Plaintiff's Dispositive Motion | March 16, 2007 |
| E. Defendant's Cross Motion or Opposition | April 6, 2007 |
| F. Opposition to Cross Motion or Reply to Opposition | April 20, 2007 |
| G. Reply to Opposition | April 27, 2006 |

4. Trial.

In the event the case is not resolved by dispositive motion, ISN requests that the Case Management Procedures for pre-trial matters, Section VI, Paras. 13, 14, 15, 16, and 17 shall govern and that the parties file a Joint Status Report setting forth the scheduling of such matters within 15 days of the Court denying dispositive motions.

**Defendant's Position:**

ISN filed its complaint on July 16, 2002. The complaint contains five counts: 1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) constructive change; 4) equitable adjustment; 5) attorney fees and costs. On April 12, 2005, the Court dismissed count I of ISN's complaint, holding that there was no implied-in-fact modification of the contract that incorporated an engineering change proposal ("ECP") submitted by ISN. On October 11, 2005, the Court denied ISN's motion to amend its complaint to add claims for lost profits, holding that allowing such an amendment would create both an undue burden and undue prejudice to the Government.

The substantive counts of ISN's complaint – counts I through IV - all relate to ISN's allegation that the Government ratified the ECP submitted by ISN. For example, paragraph 22 of count II alleges that the Government approved the ECP but refused to pay for such services, paragraph 26 of count III alleges that the ECP was a constructive change to the contract, and paragraph 30 of count IV alleges that ISN is entitled to an equitable adjustment in light of the ECP. Indeed, in its October 11, 2005 Order denying ISN's motion to amend its complaint, the Court noted that "all of plaintiff's claims in the original complaint dealt with plaintiff's loss related to the alleged modification of the contract." In its April 12, 2005 Order, the Court also noted that it does not possess jurisdiction to award relief based upon the theory that ISN's performance conferred benefits upon the Government and created an implied-in-fact contract.

In the 13 months since the Court's October 11, 2005 Order, ISN has taken no discovery in this matter but for the depositions of three current or former United States Defense Contract Audit Agency ("DCAA") employees, which were conducted four days

before the November 3, 2006 discovery cutoff (and by which the Government fully complied with its discovery obligations). Those depositions dealt with two audits: 1) a 1995 DCAA audit of progress payments ISN was claiming while performing on the contract; and 2) a 1996 DCAA audit of ISN's termination settlement proposal. Those audits relate solely to ISN's claim for lost profits and are in no way relevant to the alleged contract modification that is the basis of the complaint.[1] ISN has conducted no discovery whatsoever as to the remaining counts in its complaint regarding the alleged modification.

In light of the facts that 1) the Court has already ruled that there was no ECP ratified by the Government and that all of ISN's remaining claims are based on an alleged modification; 2) the Court cannot award ISN relief based on an alleged implied-in-fact contract or contract modification; 3) the Court has denied ISN's Motion to amend its complaint to include claims for lost profits; and 4) ISN has failed to conduct <u>any</u> discovery regarding the remaining counts in its complaint, the Government is unable to see what remains of ISN's lawsuit. The Government therefore proposes that, unless it can make a showing as to the merits of its lawsuit going forward, ISN voluntarily dismiss its remaining claims. Should it fail to do so, the Government intends to file a Motion for Summary Judgment on those claims.

---

[1] In the parties' Joint Status Report filed with the Court on May 16, 2005, prior to the Court's denial of ISN's motion to amend its complaint, ISN indicated that the DCAA concluded that ISN was not entitled to profit based on the two above-referenced audits and therefore needed to take the depositions of the auditors who conducted them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Norman H. Singer
NORMAN H. SINGER
Singer & Associates, P.C.
10411 Motor City Drive
7th Floor
Bethesda, MD 20817
Phone: (301) 469-0400
Fax: (301) 469-0403

Attorney for Plaintiff

s/ Anuj Vohra
ANUJ VOHRA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, DC 20530

Attorneys for Defendant