**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-796C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR SANCTIONS, PURSUANT TO RULE 37**

Defendant, the United States, respectfully responds to the motion of plaintiff, Information Systems & Networks Corporation ("ISN"), for sanctions pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"). We respectfully request that the Court deny plaintiff's motion for sanctions. In support of our response we rely upon the following brief and the appendix attached to this motion and the appendix attached to plaintiff's motion for sanctions.

**I. Ms. Erdelsky Was Adequately Prepared For Her 30(b)(6) Deposition.**

In response to ISN's request for an RCFC 30(b)(6) deponent to testify on behalf of the Defense Contract Audit Agency ("DCAA") "regarding ISN's Contract No. N00600-94-C-0389 and the audits of ISN regarding such Contract and ISN's claims under such Contract," we agreed to produce Ellen Erdelsky, a technical specialist (auditor) with DCAA who has served as the Government's principal contact regarding the DCAA audits of ISN's contract and claims. See

Def. App. 1-2 (30(b)(6) notice);[1] Erdelsky Depo. 20:19-21:2, 23:1-25:6. Ms. Erdelsky has a masters in accounting from Georgetown University, and is a licensed Certified Public Accountant in Maryland. Erdelsky Depo. 21:18-22:9. She has been an auditor with DCAA since 1979. Erdelsky Depo. 21:6-17.

From the outset, ISN misrepresents Ms. Erdelsky's level of knowledge of the ISN audit and preparedness for the deposition. It is clear from the deposition transcript that Ms. Erdelsky had repeatedly reviewed the audit files and contract, starting in December 2003, and essentially was engaged in ongoing preparation for her subsequent role as a 30(b)(6) deponent. Erdelsky Depo. 19:21-20:11. Ms. Erdelsky testified that she first read the audit reports "cover to cover" in December 2003, and then referred again to the report and looked at the files during the periods January 2004 through March 2004, April or May 2004, August through October 2005, and less than one month prior to her deposition.[2] Erdelsky Depo. 19:21-20:11, 23:1-5, 24:13-21, 25: 4-6, 84:9-19. See Def. App. 10 (Erdelsky Decl. ¶ 5). At her deposition, Ms. Erdelsky described how she served as the principal point of contact between the Department of Justice and DCAA, and answered the Department's questions regarding the DCAA audit. Erdelsky Depo. 23:1-25:6. Accordingly, Ms. Erdelsky's ongoing familiarity with the audit reports and contract had prepared

[1] "Def. App. ___" refers to the appendix attached to defendant's response to plaintiff's motion for sanctions.

[2] While Ms. Erdelsky testified at her deposition that she had reviewed the audits with Mr. Vohra, the previous counsel for the Government, less than two months prior to her deposition, such review actually occurred less than one month before the deposition. Def. App. 10. Mr. Vohra joined the Department of Justice in September 2006 and was assigned this case on September 18, 2006. On October 3, 2006, Mr. Vohra interviewed Ms. Erdelsky and reviewed the audit reports with her. Id. (Erdelsky Decl. ¶ 5). On October 5, 2006, Ms. Erdelsky was informed that she was to serve as a 30(b)(6) witness. Id. (Erdelsky Decl. ¶ 6). Ms. Erdelsky's deposition was held on October 31, 2006.

her for the 30(b)(6) deposition. Contrary to ISN's allegations, it is clear that, prior to even being told that she would serve as a 30(b)(6) witness, Ms. Erdelsky had regularly examined and been required to interpret the audit files, the contract, the termination settlement proposal, the complaint, and the reports upon DCAA's behalf.

Further, and even though less than one month prior to her deposition she had reviewed the DCAA audits, before her 30(b)(6) deposition Ms. Erdelsky again examined portions of the contract, the audit reports, and the audit files. Erdelsky Depo. 7:20-8:6; Def. App. 10 (Erdelsky Decl. ¶ 7).. Ms. Erdelsky also prepared a short summary of the documents, to help refresh her recollection. Erdelsky Depo. 7:20-8:6; Def. App. 3.

ISN's argument that Ms. Erdelsky was unprepared for her deposition is further rebutted by her thorough and complete responses to ISN's deposition questions. In offering such responses, Ms. Erdelsky demonstrated that she was aware of both the content and substance of the DCAA audits and the relevant files. For example, when asked about the references in the audit report to ISN's significant underbidding of the contract, the witness provided

> Q. Okay. Now, the second point is a reference to ISN's significantly underbidding the contract.
> A. Um-hum.
> Q. Okay, and there's no reference to that conclusion by the auditor. In other words, you don't know what that statement is based on?
> A. No, he doesn't state in the audit report what it's based on.
> Q. Have you ever seen anything, any document or been provided any information as to what that conclusion is based on?
> A. Yes. In the work papers, when I looked back in 2004, there were work papers directed exactly at that.
> Q. And what did the work papers contain?
> A. The work papers contained a couple of different things, as I recall. There was notes on a conversation with a Mr. Chapman – is that – at ISN, project-manager-type of individual as I recall. And there was also an ISN document, it might have been a copy of an

> E-mail or something like that, in -- in which there were statements about the contract being underbid but not about an amount, just about being underbid. It referenced – the cedrals were referenced, but contracted data line item, those kinds of being underbid but not figured. There were then a series of work papers that the contractor prepared, that the auditor prepared in which he took the BAFO, it was a BAFO, information concerning the direct costs and then applied to them the indirect rates that were being used commonly at the time for other bidding purposes as opposed to those that had been used in this particular BAFO. And when he totted it all up he came to this figure.
> Q. Right.
> A. He rounded this figure, came to this figure. Yes, those were in the work papers.
> Q. If you go into the body of this audit report, and you can take as much time as you want, in fact, the auditor found that the proposal used approved provisional rates.
> MR. VOHRA: Objection foundation.
> THE WITNESS: No, he didn't. This – he was speaking of a termination proposal. I'm talking about the BAFO, which was done for the award of the contract which is a different thing entirely.

Erdelsky Depo. 53:14-55:19. These responses are not the responses of an unprepared witness.

To better understand Ms. Erdelsky's level of preparedness, it is helpful to compare Ms. Erdelsky's testimony on this particular point with the testimony of the two fact witnesses who had previously testified as to the audit: Benjamin Monastero, one of the auditors who prepared the report, and Mark Moser, the Branch Manager, DCAA Columbia Branch office, who authorized the report. When asked similar questions regarding the underbidding of the contract, Mr. Monastero could not recall the basis of DCAA's conclusions on this point. Def. App. 4-6 (Monastero Depo. 24:14-25:16). Mr. Moser could not recall reviewing this particular portion of the audit. Def. App. 7-8 (Moser Depo. 49:2-13).[3] In contrast, Ms. Erdelsky knew the basis for

---

[3] ISN finds fault that Ms. Erdelsky failed to talk with Mr. Moser, Mr. Monastero, and Mr. Erdman prior to her deposition. Plaintiff's acknowledge, however, that Mr. Erdman is

the auditor's conclusion regarding underbidding, could recall the specific name of the individual from ISN that the auditors had talked to regarding underbidding, and knew that the auditor had reviewed ISN's BAFO. Erdelsky Depo. 53:14-55:19.

Even without such comparisons, however, Ms. Erdelsky's ability to provide detailed responses demonstrates her overall preparation, since she was not personally involved in the audits at issue. Erdelsky Depo. 7:20-8:6. Everything that Ms. Erdelsky was able to testify to was based solely upon her preparation and efforts to understand the audits and the actions taken by DCAA. This point also distinguishes the present case from Wilson v. Lakner, 228 F.R.D. 524 (D.D.C. 2005), cited by ISN in its motion. In Wilson, the designated 30(b)(6) witnesses were testifying only as to their personal knowledge about the underlying incident. In the present case, Ms. Erdelsky had no personal knowledge of the audit but instead had accumulated a through knowledge through the agency's records. This is exactly what ISN argues Ms. Erdelsky was obligated to do based upon the decision in Wilson. Pl. Mot. 5. Accordingly, ISN's argument that Ms. Erdelsky was unprepared for her deposition must fail.

## II. The Government Produced A Witness Responsive To Plaintiff's 30(b)(6) Notice

Contrary to ISN's assertions, the legal standard for judging whether or not a party has produced a responsive 30(b)(6) witness does not hinge upon mere preparation, but rather flows from a witness's ability to respond to questions in the noticed topic area.

---

unavailable because of a medical condition (Alzheimer's disease), and assert that neither witness possessed adequate memory of the 1996 audit. ISN deposed both witnesses one day prior to Ms. Erdelsky. Accordingly, it is unclear how talking to such witnesses would have helped Ms. Erdelsky prepare.

Rule 30(b)(6) requires a noticed entity to provide a witness who can answer questions regarding those subjects set forth in a 30(b)(6) notice of deposition. King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995); see also McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70, 80 (D.D.C. 1999) ("Rule 30(b)(6) imposes a duty on the entity receiving a Rule 30(b)(6) notice to identify and provide responsive witnesses with knowledge concerning the relevant subject matter."). "If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions." King, 161 F.R.D. at 476 (emphasis supplied); accord Starlight Int'l Inc. v. Herlihy, 186 F.R.D 626, 638 (D. Kans. 1999) (noting that a party fails to fulfill its obligations under Rule 30(b)(6) "by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available") (emphasis supplied). The appropriate consideration, then, in determining whether a party has complied with Rule 30(b)(6), is not when or how a particular deponent prepared for a deposition, but whether the deponent was knowledgeable and capable of answering questions related to those subjects identified in the deposition notice. See, e.g., Turner v. Hudson Transit Lines, Inc., 142 F.R.D 68, 78-79 (S.D.N.Y 1991) ("[A] party that fails to provide a witness knowledgeable in the areas requested in a Rule 30(b)(6) notice is likewise subject to sanctions.") (emphasis added); Thomas v. Hoffman-LaRoche, Inc., 126 F.R.D. 522, 525 (N.D. Miss. 1989) ("Sanctions are appropriate when a party fails to comply with a request under Rule 30(b)(6) to provide a knowledgeable deponent to testify on behalf of the organization.") (emphasis added); c.f. Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., 228 F.3d 275, 304 (3rd Cir. 2000) (noting that in a rule 30(b)(6) deposition a witness must be able to provide "useful information").

ISN cites to two cases discussing the preparation requirements of a 30(b)(6) witness. In each of those cases, however, the reason that the question of preparation was before the reviewing court was because the designated deponent had been unable to answer the questions set forth in the 30(b)(6) notice. See Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196 (5th Cir. 1993) ("It became immediately apparent that [the deponent] possessed no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice."); Wilson v. Lakner, 228 F.R.D. 524, 527 (D. Md. 2005) (three designated 30(b)(6) deponents were unable to answer questions relating to specific issues identified in deposition notice). Indeed, whether sanctions are appropriate for failure to "prepare" a deponent pursuant to Rule 30(b)(6) will normally only come before a court if that designated witness was unable to answer questions identified in a notice of deposition. See, e.g., Black Horse Lane Assoc., 228 F.3d at 304 (noting that the 30(b)(6) deponent "failed to offer meaningful testimony about most, if not all, of the items specified in the notice of deposition"); Starlight Int'l, 186 F.R.D. at 636 (noting that "throughout his deposition [the 30(b)(6) deponent] claimed ignorance about matters for inquiry identified in the deposition notices" and identifying a number of questions that deponent was unable to answer); Big Top USA, Inc. v. The Wittern Group, 183 F.R.D. 331, 339 (D. Mass. 1998) (noting that defendant failed to meet the requirements of Rule 30(b)(6) when its designated deponent refused or was unable to answer questions asked at deposition); Marker v. Fidelity Life Insur. Co., 125 F.R.D. 121, 125 (M.D. N.C. 1989) ("In response to that [30(b)(6) notice of deposition] defendant produced its claims director who was unable to answer specific questions concerning the retrieval of computerized data.") (emphasis added).

In the contrast with these cases, Ms. Erdelsky was "knowledgeable about relevant facts" that were the subject of the 30(b)(6) notice. Resolution Trust Corp., 985 F.2d at 197. She clearly had the requisite "responsive knowledge" and was able to offer substantial testimony as to the questions asked of her. Wilson, 228 F.R.D. at 528. In its motion, ISN has failed to identity any noticed questions that went unanswered because of alleged inadequate preparation.[4] A review of the deposition and case law confirms that Ms. Erdelsky has met the requirements of the rule 30(b)(6) deponent.

## III. Much Of The Relief Sought By Plaintiff Is Beyond The Scope Of Relief Presently Available To Plaintiff

Pursuant to RCFC 37(a)(2)(B), ISN moves the Court for an order precluding the defendant from testifying at trial on the categories of corporate designee testimony for which the designated deponent was unprepared and unavailable, precluding defendant from contradicting and modifying their responses on specified issues, from the deposition testimony offered, or, alternatively, compelling the production of a designee with knowledge and awarding costs and fees. Pl. Mot. 1. Much of the relief sought by ISN for the Government's alleged discovery failure, however, is not available pursuant to RCFC 37(a)(2)(B). RCFC 37(a)(2)(B) only permits the discovering party to "move for an order compelling an answer, or a designation . . .," along

---

[4] ISN's only specific reference to Ms. Erdelsky failing to respond to a question is the single instruction not to answer made by counsel for the Government. An instruction not to answer, however, does not demonstrate that a witness is unable to answer. In any event, this instruction was proper. After asking several questions about counsel for the Government's knowledge of the case, ISN asked Ms. Erdelsky, "is it your testimony that – I mean, as counsel said, this audit report speaks for itself." Erdelsky Depo. 61:20-22. Counsel instructed Ms. Erdelsky not to answer, properly noting for the record that Ms. Erdelsky was not required to testify to the statements of counsel. Erdelsky Depo. 62:2-9. At this point, ISN could have reframed its question in a manner that would not draw such an instruction, but failed to do so.

with costs or fees, not for an order precluding testimony or evidence. Indeed, the case law cited by plaintiff for the proposition that broader relief is available is based upon a separate section of Rule 37. See Resolution Trust Corp., 985 F.2d 196 (motion pursuant to Rule 37(d)).

Further, the Court should not look beyond the particular section of the Rules cited by ISN and construe their motion as arising pursuant to a different section of Rule 37 merely because ISN seeks broader relief than is available pursuant to RCFC 37(a)(2)(B). While ISN has made no effort to identify the particular questions that Ms. Erdelsky could not answer, neither do they attempt to present any substantive evidence that Ms. Erdelsky's alleged lack of preparation amounted to a failure to appear, especially in light of her ability to clearly answer the questions asked by ISN at the deposition. At best, ISN makes an unsupported allegation that Ms. Erdelsky "had no knowledge at all on any of the subjects set forth in the designate notice, and apparently was asked to testify for that reason alone." This blanket statement, however, is rebutted by a brief review of the deposition transcript, and requires that the Court essentially ignore every answer that Ms. Erdelsky gave at her deposition. Pl. Mot. 3. Further, even assuming that plaintiffs could specify some questions that were not answered, which they cannot, the mere inability to testify fully on all topics set forth in a notice is "not tantamount to a complete failure by the agency to appear." See United States v. Massachusetts Industrial Finance Agency, 162 F.R.D. 410, 412 (D. Mass. 1995).

Further, the broader evidentiary relief sought by the ISN is premature and overly vague. At present, the Government has not demonstrated any intention to contradict or modify Ms. Erdelsky's testimony. Nor has the Government prepared a witness list or statement of facts for trial. To enter an order precluding testimony or evidence at this time would only create later

disputes regarding the scope of any such order. Further, to the extent that ISN seeks to use this motion to avoid their evidentiary obligation to prove damages in a total cost claim, such motion is improper. Finally, the process is further complicated by the fact that DCAA is not the deciding agency, and has no contractual authority. The Terminating Contracting Officer for this dispute was with DLA, not DCAA. ISN failed to depose anyone from DLA.

Assuming, however, that the Court treats ISN's motion for sanctions as a motion pursuant to RCFC 37(d) and not RCFC 37(a)(2)(B), the appropriate remedy, if any, for such an alleged violation remains to compel the production of a new 30(b)(6) witness. "Exclusion of evidence is an extreme sanction and should be applied only when lesser sanctions are inadequate." Zoltek Corp. v. United States, 71 Fed. Cl. 160, 171 (2006) (citations omitted). This is especially true where the alleged violation is curable. Id. at 169-170. Moreover, ISN presents no evidence of bad faith on the part of the United States. See generally Galen Medical Assocs., Inc. v. United States, 369 F.3d 1324, 1330 (Fed. Cir.2004); Torncello v. United States, 231 Ct.Cl. 20, 681 F.2d 756, 770-71 (1982).

In the present case, no trial date has been set, and no substantive motions are pending before the Court. If ISN can demonstrate that Ms. Erdelsky was not knowledgeable enough to respond to their questions, the appropriate remedy would be to require the testimony of a new 30(b)(6) witness. At the same time, and deposition should be limited to those matters to which Ms. Erdelsky could not respond.

## CONCLUSION

For the above stated reasons, we respectfully request that the Court deny plaintiff's motion for sanctions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner for Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification United
8th Floor
1100 L Street, NW
Washington, D.C.
Tel: (202) 616-2377
Fax: (202) 305-7643
Steven.mager@usdoj.gov

December 15, 2006

**CERTIFICATE OF FILING**

I hereby certify that on this 15th day of December, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF''S MOTION FOR SANCTIONS, PURSUANT TO RULE 37" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

# **DEFENDANT'S APPENDIX**

**INDEX TO DEENDANT'S APPENDIX**


**DOCUMENT** **PAGE(S)**

Notice of Deposition of 30(b)(6) witness from DCAA in
Information Systems & Network Corporation v. United States,
Fed. Cl. No. 02-796 (October 13, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

Summary prepared by Ellen E. Erdelsky for deposition in
Information Systems & Network Corporation v. United States,
Fed. Cl. No. 02-796 (undated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Excerpts from Deposition of Benjamin Monastero taken in
Information Systems & Network Corporation v. United States,
Fed. Cl. No. 02-796 (October 30, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Excerpts from Deposition of Mark Stephan Moser taken in
Information Systems & Network Corporation v. United States,
Fed. Cl. No. 02-796 (October 30, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

Declaration of Ellen E. Erdelsky (December 15, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**INFORMATION SYSTEMS & NETWORKS CORPORATION,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**Case No. 1:02-cv-796**
**Judge Allegra**

## NOTICE OF ORAL DEPOSITON

TO: Defense Contract Audit Agency ("DCAA")
c/o Anuj Vohra, Esq.
Commercial Litigation Branch, Civil Division
United States Department of Justice
8th Floor, 1100 L. Street, N.W.
Washington, D.C. 20530

Please take notice that plaintiff, Information Systems & Networks Corporation ("ISN"), by its undersigned counsel, will take the deposition of the Defense Contact Audit Agency ("DCAA"), an agency of the defendant, pursuant to RCFC 30 (b) (6) on Tuesday, October 31, 2006 at 10:00 a.m. at the offices of counsel for the defendant, 1100 L Street, N.W., Washington, D.C., before a person authorized to take the deposition pursuant to RCFC 28, and will continue from day to day until completed.

The defendant shall produce such persons who consent to testify on behalf of the DCAA regarding ISN's Contract No. N00600-94-C-0389 and the audits of ISN regarding such Contract and ISN's claims under such Contract.

Respectfully submitted,

NORMAN H. SINGER, ESQ.
Singer & Associates, P.C.
10411 Motor City Drive
Suite 725
Bethesda, MD 20817
(301) 469-0400
Counsel for Plaintiff

EXHIBIT
PENGAD 800-631-6989

October 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Oral Deposition was sent via facsimile and mailed, first-class, postage prepaid this 13th day of October, 2006 to:

Anuj Vohra, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

Norman H. Singer, Esq.

Summary for Deposition.doc

INFORMATION SYSTEMS & NETWORKS CORPORATION

**COFC 02-796C**

Note: There was an earlier COFC 98-178C in which one count was dismissed with prejudice, appealed and affirmed and is closed. The other four counts were dismissed without prejudice and make up this case.

**Contract N00600-94-C-0389 (FFP)**

Awarded Lot I 7/05/94 for $4,416,646

- To upgrade manual technical controls related to communications to automated technical controls (ATC).
- Turnkey ATC at three locations with formal classroom training for each and substantial contract data requirements related to all.
- Stop work issued 2/20/96
- Terminated for convenience 3/15/96

**Audits**

- Proposal – Nothing to indicate that DCAA did any audit of the proposal.
- 6221-95G17500.003, Audit of Progress Payment No. 2, dated 6/22/95. A projected loss identified. Contractor agreed with results.
- 6221-96G17500.001, Audit of Progress Payments No. 3, 4, and 5, dated 11/13/95. Projected losses identified. Contractor did not agree with results.
- 6311-97B17100.001, Audit of Termination Settlement Proposal, 12/19/96. Did not disclose and reserve comment.

**Other**

- No other audits were done. However, intermittently the Navy and DOJ attorneys contacted DCAA with questions, etc. I only became involved in 2004.

**Attorneys:**

1998-99: Michael D. Austin, DOJ
Dec 2003-Spring 05: Brent M. McBurney, DOJ and Paul W. Knoth, Navy
August 2005-July 2006: Dorie Finnerman, DOJ
September 2006: Anuj Vohra, DOJ

PENGAD 800-631-6989
EXHIBIT
Erdelsky-2
10/31/06

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

\- - - - - - - - - - - - - - - - - - - X

INFORMATION SYSTEMS & :

NETWORKS CORPORATION, :

Plaintiff, :

Vs. : Case No.:

THE UNITED STATES, : 1:02-cv-796

Defendant. :

\- - - - - - - - - - - - - - - - - - - x

COPY

Monday, October 30, 2006

Washington, D.C.

Deposition of:

BENJAMIN MONASTERO,

the Witness, called for examination by counsel for the Plaintiff, pursuant to notice, commencing at 1:16 p.m., at the offices of U.S. Department of Justice, 1100 L Street, N.W., Washington, D.C., before Curtis R. Cloward, CSR, a Notary Public in and for the District of Columbia when were present on behalf of the respective parties:

A. You state that, quote:
"Profit is questioned in total.
ISN could not support the proposed
10 percent profit factor with any
Estimates to Complete."
A. Um-hum.
**Q. End quote.**
**Did you ask ISN for Estimates To Complete, you yourself?**
A. I don't recall. I really don't.
**Q. Do you recall ever seeing any Estimates To Complete regarding this contract?**
A. No, I don't recall.
**Q. You state, quote:**
**"Further, ISN acknowledged that**
**they under bid this contract and**
**were starting out in a loss from**
**the beginning." End quote.**
**What was the basis of that statement?**
A. I don't recall. Had to be something in writing I -- but I don't recall.
**Q. Something in writing from somebody at**

**ISN?**

A. Had to be, yeah.

**Q. Why do you say it had to be in writing?**

A. Well, because to make that type of a statement -- I don't recall exactly.

**Q. In order for you to recite that acknowledgment --**

A. Um-hum.

**Q. -- would that statement have to come from someone with authority at ISN?**

MR. VOHRA: Objection to the use of the word "authority" to the extent it's a legal conclusion.

THE WITNESS: I don't know who it would have came from.

BY MR. SINGER:

**Q. Would it have made any difference to you if it had come from a secretary as opposed to a program manager of this particular program?**

A. I don't see why it -- it wouldn't be relevant coming from the secretary; I never dealt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - x

INFORMATION SYSTEMS & :
NETWORKS CORPORATION, :
Plaintiff, :
Vs. : Case No.:
THE UNITED STATES, : 1:02-cv-796
Defendant. :

- - - - - - - - - - - - - - x

COPY

Monday, October 30, 2006

Washington, D.C.

Deposition of:

MARK STEPHEN MOSER,

the Witness, called for examination by counsel for the Plaintiff, pursuant to notice, commencing at 10:10 a.m., at the offices of U.S. Department of Justice, 1100 L Street, N.W., Washington, D.C., before Curtis R. Cloward, CSR, a Notary Public in and for the District of Columbia when were present on behalf of the respective parties:

A. Um-hum.

Q. -- it says, quote: "Profit is questioned in total. ISN could not support the proposed 10 percent profit factor with any Estimates to Complete... Further, ISN acknowledged that we under bid this contract and were starting out in a loss from the beginning."

Now again, you don't have any recollection going back to 1996 of having reviewed that provision.

A. No, I don't.

Q. Okay, I want to show you --

MR. SINGER: Let me have this marked Moser Number 5.

(FAR 49.203 (a), marked for identification as Moser Exhibit No. 5.)

BY MR. SINGER:

Q. Mr. Moser, I want to call your attention to 49.203(a) under the FAR --

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-796C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DECLARATION OF ELLEN E. ERDELSKY**

I, Ellen E. Erdelsky, declare as follows:

1. I am a technical specialist (auditor) with the Defense Contract Audit Agency ("DCAA"). I have a masters in accounting from Georgetown University, and am a licensed Certified Public Accountant in Maryland. I have been an auditor with DCAA since 1979.

2. I first became familiar with Information Systems & Networks Corporation ("ISN") contract no. N00600-94-C-0389 (the "Contract") and the audits of ISN regarding this contract and ISN's claims in December 2003. I did not participate in the audits. In December 2003, I carefully reviewed the audit reports and files cover to cover.

3. Between December 2003 and the present I have served as the principal auditor contact at Defense Contract Audit Agency ("DCAA") for the Department of Justice and the Department of the Navy regarding the details of DCAA's audits of ISN's Contract and claims. I have been repeatedly called upon to explain and answer questions regarding DCAA's audit of ISN's Contract and claims.

4. In connection with these explanations and answers, since December 2003 I have repeatedly been required to examine the audit files, the audit report, the Contract, and the termination settlement proposal, among other documents.

5. Prior to being notified that I would serve as a 30(b)(6) witness, on October 3, 2006, I was contacted by a new attorney with the Department of Justice, Anuj Vohra, to discuss DCAA's audit of ISN's Contract and claims. I recall examining the complaint, the audit files, and the audit reports in connection with these discussions.

6. On October 5, 2006, I was informed that I might be required to serve as a 30(b)(6) witness. I reviewed the notice and discussed my ability to testify to the topic areas with counsel for DCAA. When asked at the deposition about what I had done to specifically prepare for my deposition, I treated October 5, 2006 as the moment I began "preparation."

7. After reading the 30(b)(6) notice, I further prepared for my deposition by collecting all of the DCAA audit files and briefly looking at the audit files and reports. I also prepared a typed sheet of notes, to help refresh my recollection. I did not review the materials in more detail because I felt that my prior repeated examination of these files had prepared me to respond to the deposition notice.

8. At my deposition, I was repeatedly asked if I had "reviewed" a document. When I say that I "reviewed" a report or other documents or files, I usually mean I spent considerable time reading <u>every</u> word carefully <u>and</u> checking some of the backup. "Reviewed" does not mean to me that I simply "read" a document.

I declare under penalty of perjury that the foregoing is true and correct.

Ellen E. Erdelsky

Ellen E. Erdelsky

Executed this 15th day of December 2006 in Germantown, Maryland.