4. G&A Expense

a. Summary of Conclusions:

We have increased the G&A expenses by $5.370 due to the increases in Direct Labor, Fringe Benefits and associated Overhead expenses.

b. Basis of Proposed Cost:

The G&A expenses are based on a G&A rate of 13.69% applied to Direct labor, Indirect expenses, Direct materials and ODCs.

c. Audit Evaluation:

We verified the proposed G&A expense rate to the current provisional billing rate and prior termination audits. The upward adjustment is the result of applying the proposed and accepted G&A rate to the increase in Direct labor and related Fringe Benefits and Overhead expense

5. Profit

a. Summary of Conclusions:

We have questioned the entire $443.396 of claimed profit in accordance with FAR 49.203 due to the following: (1) ISN did not provide us with any Estimate to Complete (ETC) or Percentage of Completion; (2) ISN significantly under bid this contract by approximately $900,000; and (3) DCAA audit report No. 6221-96G17500001 disclosed that ISN was in a loss position on this contract.

A loss calculation was not applied since the Government acknowledged that ISN was due some form of equitable adjustment on this contract due to various changes to the statement of work. It is our understanding that the only hold-up in the equitable adjustment negotiations was a delivery schedule. Since the contract was terminated prior to the conclusion of the equitable adjustment negotiations, we are unable to determine the impact that the equitable adjustment would have on the anticipated loss.

b. Basis of Claimed Cost:

ISN has claimed a profit factor of 10% applied to all costs

c. Audit Evaluation:

We requested ISN to provide us with an ETC and a Percentage of Completion. We also requested technical specialist assistance regarding the ETC and Percentage of Completion.

6. Settlement Expenses

a. Summary of Conclusions:

We have questioned $151,539 of the $183,224 proposed settlement expenses as shown below:

| Description | Questioned | Ref. |
|---|---|---|
| Reclassified to D/L | $28,960 | (1) |
| Cost Not Incurred | 64,355 | (2) |
| Prompt Pmt. Int. | 58,224 | (3) |
| Total | $151,539 | |

(1) We have reclassified the stop work period labor and associated fringe benefits to direct labor and indirect expenses respectively as discussed in notes 2. and 3. Stop work period labor is not a settlement cost but a direct expense.

(2) ISN is proposing settlement labor and ODCs which are estimates of possible future costs. Consequently, these costs have not been incurred and are questioned in total.

(3) We have questioned the entire $58,224 of proposed Prompt Payment Interest in accordance with FAR 32.907-2 which states "no interest penalty shall be paid to the contractor as a result of delayed contract financing payments". Since ISN received progress payments, and the interest is calculated on these progress payments, the interest is unallowable. Revise

b. Basis of Claimed Cost:

The claimed settlement costs are based on costs recorded in ISN's Jamis Job Cost and estimated future labor and ODCs. The claimed prompt payment interest is a mathematical calculation not recorded in the accounting records.

c. Audit Evaluation:

We verified that the claimed settlement expenses were recorded in the Jamis Job Cost and supported by vendor invoices and employee timesheets. We reviewed the supporting documentation for allowability and allocability to the terminated contract. We also verified that the costs were incurred after the Termination notice.

7. Cost in Excess of Contract Limitations

a. Summary of Conclusions:

We have questioned $460,708 which is the total proposed costs and profit of $4,877,354 less the contract price of $4,416,646 in accordance with FAR 49.207.

b. Basis of Claimed Cost

ISN did not indicate in its termination settlement proposal any costs claimed in excess of the contract limitations.

c. Audit Evaluation

We compared the proposed costs plus profit to the contract price.

8. Payments Received

a. Summary of Conclusions:

The $2,507,015 proposed by ISN agrees with their accounting records.

We discussed factual matters concerning audit findings with Mr. Daniel Dowling, Corporate Counsel. We did not disclose the dollar impact of our conclusions and recommendations to the contractor. Mr. Dowling reserved comment on our findings.

Audit Report No. 6311-97B17100001

## DCAA PERSONNEL

| | Telephone No. |
|---|---|
| Primary contact regarding this audit | |
| Benjamin Monastero, Senior Auditor | (410) 964-2060 |
| Other contacts regarding this audit: | |
| Mark S. Moser, Branch Manager | (410) 964-2060 |
| William C. Erdman, Supervisory Auditor | (410) 964-2060 |
| Office Administrative Personnel | |
| | FAX No. |
| | (410) 997-3237 |

AUDIT REPORT AUTHORIZED BY:

William C. Erdman
for Mark S. Moser
Branch Manager
DCAA Columbia Branch Office

## AUDIT REPORT DISTRIBUTION AND RESTRICTIONS

DISTRIBUTION

Termination Contracting Officer
ATTN.: DCMDS-GATC (Ms. Mildred Jacobs)
Defense Logistics Agency
Defense Contract Management Command Atlanta
508 Walker Street
Atlanta, GA 30060-2789

RESTRICTIONS

1. Information contained in this audit report may be proprietary. It is not practical to identify during the conduct of the audit those elements of the data which are proprietary. Proprietary determinations should be made in the event of an external request for access. The restrictions of 18 U.S.C. 1905 should be considered before this information is released to the public.

2. Under the provisions of Title 32, Code of Federal Regulations, Part 290.26(b)(2), any Freedom of Information Act requests for audit reports received by DCAA will be referred to the cognizant contracting agency for determination as to releasability and a direct response to the requester.

3. The information contained in this audit report should not be used for purposes other than action on the subject of this audit without first discussing its applicability with the auditor.

Cmoy

# DEFENSE CONTRACT AUDIT AGENCY

## AUDIT REPORT

13 NOV 1995

*PREPARED FOR:* Contracting Officer
ATTN: DCMDS-GMTC (F. Soda)
Defense Contract Management Area, Baltimore
200 Towsontown Boulevard West
Towson, MD 21204-5299

*PREPARED BY:* Defense Contract Audit Agency
Silver Spring Branch Office
20251 Century Boulevard, Third Floor
Germantown, MD 20874
Telephone No. (301) 353-1506
FAX No. (301) 353-1518

*SUBJECT:* Audit of Progress Payment Nos. 3, 4, and 5
Contract No. N00600-94-C-0389

*REFERENCES:* ACO: Case No. 202 (A)95-G-0183
DCAA: Audit Report No. 6221-96G17500001
Chron No.

*CONTRACTOR:* Information Systems & Networks Corporation (ISN)
10411 Motor City Drive
Bethesda, MD 20817

*REPORT RELEASE RESTRICTIONS:* See Page 8

*CONTENTS:*


| | Page |
|---|---|
| Subject of Audit | 1 |
| Executive Summary | 1 |
| Scope of Audit | 2 |
| Results of Audit | 2 |
| DCAA Personnel and Report Authorization | 7 |
| Audit Report Distribution and Restrictions | 8 |
| Appendix 1 - Other Matters to be Reported | 9 |
| Appendix 2 - Technical Evaluation | 11 |


FOR OFFICIAL USE ONLY

Audit Report No. 6221-96G17500001
Information Systems & Networks Corporation

*SUBJECT OF AUDIT*

In response to your 18 September 1995 request, reference DCMAO Case No. 202(A)-95-G-0183, and telephone conversation of 18 October 1995, we audited Information Systems & Networks Corporation's (ISN) progress payment request numbers 3, 4, and 5 under Contract No. N00600-94-C-0389. The purpose of the audit was to verify the amounts claimed through 30 June 1995, 31 July 1995, and 31 August 1995 to ISN's books and records as a basis for approving contract financing through progress payments in accordance with the provisions of the contract.

ISN's financial records and related supporting data are the responsibility of ISN. Our responsibility is to express an opinion on the progress payment request based on our audit.

*EXECUTIVE SUMMARY*

Our audit of progress payment Nos. 3, 4, and 5 disclosed the amounts claimed are unacceptable for payment. The contractor has understated the total costs incurred and the estimate at completion as explained in the results of audit. A summary of the claimed and eligible costs follows:

| | Claimed | Eligible |
|---|---|---|
| Progress Payment No. 3 | $103,327 | $(63,489) |
| Progress Payment No. 4 | 68,223 | 25,397 |
| Progress Payment No. 5 | 81,787 | 155,772 |

SIGNIFICANT ISSUES:

The contract is in a loss position. We applied the loss ratio factor to compute the maximum balances eligible for payment and the audit recommended progress payment amounts.

We have not finalized provisional billing rates with the contractor. In their progress payment request, indirect rates were applied based on actuals for the seven (7) months from the beginning of the fiscal year. The audit recommended amounts are based on the 1995 provisional billing rates. Additionally, we noted that the contractor is accumulating applied G&A costs differently than proposed. Additional information is provided in Appendix 1 - Other Matters.

FOR OFFICIAL USE ONLY

Audit Report No. 6221-96G17500001
Information Systems & Networks Corporation

*SCOPE OF AUDIT*

We conducted our audit in accordance with generally accepted government auditing standards. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the data and records reviewed are free of material misstatement. An audit includes:

a. reviewing the contractor's internal controls, assessing control risk, and determining the extent of audit testing needed based on an assessment of control risk;
b. examining, on a test basis, evidence supporting the amounts and disclosures in the data and records reviewed;
c. assessing the accounting principles used and significant estimates made by the contractor; and
d. evaluating the overall data and records presentation.

We did not perform the customary auditing procedures to determine the allowability of costs under FAR part 31 and the DoD FAR Supplement since such procedures will be performed to establish the final contract price, if required.

ISN's billing system is considered adequate to ensure progress payment requests are prepared in accordance with FAR. Due to concerns over the lack of provisional billing rates, prior disputes over indirect allocations, and the concerns of the ACO; we assessed control risk as medium. Our audit reflects this assessment and provides a reasonable basis for our opinion.

Because the contractor is in a loss position, we included steps to determine if the contractor is financially capable of completing the audit.

*RESULTS OF AUDIT*

In our opinion, ISN has made errors in the computation of progress payments 3, 4 and 5. The contractor did not use the 1995 provisional billing rates resulting in the incurred costs and estimate at completion being understated. Our recommended adjustments to the progress payment amounts follow:

FOR OFFICIAL USE ONLY

Audit Report No. 6221-96G17500001
Information Systems & Networks Corporation

Progress Payment No. 3

SECTION I

| | | | Note |
|---|---|---|---|
| Item 5: | Contract Price | $4,416,645 | |

SECTION II

| | | | |
|---|---|---|---|
| Item 11: | Total Costs Eligible for Progress Payments | $3,299,365 | 1 |
| Item 12a: | Total Costs Incurred to Date | $3,299,365 | 1 |
| Item 12b: | Estimated Additional Costs to Complete (ETC) | +1,769,910 | 2 |
| | Total Estimated Cost at Completion (EAC) | $5,069,275 | 2 |

Loss Ratio Calculation:

$$\frac{\text{Contract Price}}{\text{EAC}} = \frac{\$4,416,645}{\$5,069,275} = 87.13\%$$ 3

SECTION II (Continued)

| | | | |
|---|---|---|---|
| Item 11: | Total Costs Eligible for Progress Payments | $3,299,365 | 1 |
| | Loss Ratio Factor | X 87.13% | |
| Adjusted Item 11: | Costs Eligible for Progress Payments | $2,874,737 | |
| Item 6a: | Progress Payment Rate | 85.00% | |
| Adjusted Item 13: | Recognized Eligible Costs | $2,443,526 | 3 |
| Item 18: | Previous Progress Payments Requested | -2,507,015 | 4 |
| Item 19: | Maximum Eligible for Progress Payment | $ (63,489) | |

Explanatory Notes:

1. Item 11: The contractor used the actual indirect rates for the first seven months of their fiscal year to compute total incurred costs. Additionally, the contractor included $2,076 of duplicated direct costs in their claimed costs. We computed the total incurred costs using the 1995 provisional billing rates. We also adjusted the total direct costs for the duplicated invoice.

2. Item 12b: We reviewed the contractor's August 1995 EAC and took exception to the amounts computed. The contractor computed the EAC using the actual indirect rates for the first seven months of their fiscal year. We recomputed the EAC using the 1995 provisional billing rates.

3. Item 13: We computed the loss ratio as shown above and applied the factor to the correct Item 11 amount. We multiplied the total by the authorized progress payment rate to determine the adjusted amount of $2,443,526 in Item 13.

4. Item 18: The total progress payments requested amount is the total amounts paid under progress payment nos. 1 and 2.

Progress Payment No. 4

SECTION I

| | | | Note |
|---|---|---|---|
| Item 5: | Contract Price | $4,416,645 | |

SECTION II

| | | | |
|---|---|---|---|
| Item 11: | Total Costs Eligible for Progress Payments | $3,419,383 | 1 |
| Item 12a: | Total Costs Incurred to Date | $3,419,383 | 1 |
| Item 12b: | Estimated Additional Costs to Complete (ETC) | +1,649,892 | 2 |
| | Total Estimated Cost at Completion (EAC) | $5,069,275 | 2 |

Loss Ratio Calculation:

$$\frac{\text{Contract Price}}{\text{EAC}} = \frac{\$4,416,645}{\$5,069,275} = 87.13\%$$ 3

SECTION II (Continued)

| | | | |
|---|---|---|---|
| Item 11: | Total Costs Eligible for Progress Payments | $3,419,383 | 1 |
| | Loss Ratio Factor | X 87.13% | |
| Adjusted Item 11: | Costs Eligible for Progress Payments | $2,979,308 | |
| Item 6a: | Progress Payment Rate | 85.00% | |
| Adjusted Item 13: | Recognized Eligible Costs | $2,532,412 | 3 |
| Item 18: | Previous Progress Payments Requested | -2,507,015 | 4 |
| Item 19: | Maximum Eligible for Progress Payment | $ 25,397 | |

Explanatory Notes:

1. Item 11: The contractor used the actual indirect rates for the first seven months of their fiscal year to compute total incurred costs. We computed the total incurred costs using the 1995 provisional billing rates.

2. Item 12b: We reviewed the contractor's August 1995 EAC and took exception to the amounts computed. The contractor computed the EAC using the actual indirect rates for the first seven months of their fiscal year. We recomputed the EAC using the 1995 provisional billing rates.