formed an implied-in-fact contract because they never had a meeting of the minds and, at all events, no agency official with the authority to bind defendant expressed an intention to be bound in any form here.

All government contracts must be administered consistent with the applicable regulatory requirements and the contract language. *See Hercules, Inc. v. United States,* 516 U.S. 417, 428-29 (1996). Here, various contract provisions and incorporated FAR clauses, key among them, FAR § 43.301, required, first, that modifications of the contract be in writing and, second, that a Standard Form 30 (SF30) be used for this purpose. Plaintiff agrees that neither of these requirements were met. It is well-accepted that, where required by a contract, the failure to reduce a modification or amendment to writing renders the modification ineffective – even as against claims that the modification was somehow effectuated through an implied-in-fact or oral contract. *See e.g., Johnson Mgmt. Group CFC, Inc. v. Martinez*, 308 F.3d 1245, 1258 (Fed. Cir. 2002) (observing "an oral contract may not modify a written contract which is required by regulation to be in writing"); *Daly Constr., Inc. v. Garrett,* 5 F.3d 520, 521 (Fed. Cir. 1993) (writing requirement enforced and modification held not binding where contractor "knew the government was not bound in contract until a formal written modification was executed"); *Mil-Spec Contractors, Inc. v. United States*, 835 F.2d 865, 867 (Fed. Cir. 1987) ("Unless and until there was a binding modification to which both [the contractor] and the contracting officer had agreed in writing, there could not be a binding modification of the contract"); *SCM Corp. v. United States*, 595 F.2d 595, 598 (Ct. Cl. 1979) (no oral contract to modify agreement where regulations required such modifications to be in writing; "oral understandings which contemplate the finalization of the legal obligations in a written form are not contracts in themselves"). Summarizing these case, two leading commentators have stated that "it is now clearly established that bilateral contract modifications can only be made in writing," and that "alleged oral agreements to modify the terms of a contract are not valid." John Cibinic, Jr. & Ralph C. Nash, Jr., Administration of Government Contracts 410 (3d ed. 1995). Moreover, the cases noted above, as well as others, hold that the requirement that a written modification be on SF30 is also not met by an implied-in-fact or oral agreement. *See, e.g., Mils-Spec Contractors, Inc.*, 835 F.2d at 868 ("any bilateral modification of a contract is a 'supplemental agreement,' which requires the execution of a written standard form 30"); *Solar Turbines, Inc. v. United States*, 23 Cl. Ct. 142, 152 (1991); *Merrimac Mgmt. Inst., Inc.*, 94-3 B.C.A. ¶27,251, 1994 WL 590092 (1994).

Applying the law to the facts at hand, it is plain that a binding modification did not arise here, as the alleged modification was not reduced to a written agreement, let alone a SF30. In arguing to the contrary, plaintiff relies on several Federal Circuit cases that have upheld implied-in-fact contracts. *See, e.g., LDG Timber Enters., Inc. v. Glickman*, 114 F.3d 1140 (Fed. Cir. 1997), *cert. denied*, 522 U.S. 916 (1997); *Texas Instruments Inc. v. United States*, 922 F.2d 810 (Fed. Cir. 1991); *Narva Harris Constr. Corp. v. United States,* 574 F.2d 508 (Ct. Cl. 1978); *Cities Serv. Gas Co. v. United States*, 500 F.2d 448 (Fed. Cir. 1974). But, most of these cases did not involve true contract modifications, *see, e.g., Texas Instruments*, 922 F.2d at 814, and none involved regulations or contract provisions of the limiting sort at issue, *see, e.g., LDG Timber Enters.*, 114 F.3d at 1143 ("No statute, regulation, or rule was cited as violated by the contract extensions").

Indeed, the Federal Circuit in *Texas Instruments*, 922 F.2d at 814, distinguished its prior decision in *Mil-Spec*, *supra*, and *SCM*, *supra*, precisely on the latter basis. Accordingly, these cases are all inapposite and do not require a different result on the facts *sub judice*.

In a further attempt to sidestep the writing requirement, plaintiff relies on *J.S. Alberici Constr. Co., Inc. v. Gen. Servs. Admin.*, GSBCA No. 12,386, 94-2 BCA ¶ 26,776 at 133,173 (1994), where the Board found that the execution of the SF30, or any written document, was a "mere formality" that could be ignored where the parties had reached full agreement as to the terms of the contract. The ruling in *Alberici*, of course, is in tension with at least some of the decisions that have enforced the writing requirement – at least those in which an argument also might have been made that the requirement was a "mere formality." *See, e.g.*, *Daly Constr.*, 5 F.3d at 521. Perhaps for this reason, the Federal Circuit questioned the validity of *Alberici* in *Johnson,* 308 F.3d at 1258. Yet, the Federal Circuit ultimately was satisfied merely to distinguish that case because, unlike in *Johnson*, the contractor in *Alberici* had agreed to specific terms with the government, but simply had not reduced them to writing. *Id.* In the court's view, *Johnson* indicates, at the least, that the rule enunciated in *Alberici* is inapplicable where the signing of the SF30 was not a "mere formality." As in *Johnson*, the latter is the case here and the supposed salvific principles enunciated in *Alberici* (and arguably in other cases) thus have no factual footing in the case *sub judice*. *Cf. Robinson Contracting Co v. United States*, 16 Cl. Ct. 676, 688-89 (1989), *aff'd*, 895 F.2d 1420 (Fed. Cir. 1990) (signing of SF30 was a "mere formality" where the agreement was already fully reduced to writing).

Indeed, any notion that the signing here was a "mere formality" is belied by many of the same undisputed facts that demonstrate that an implied-in-fact modification did not arise here. For one thing, such a modification requires that there be a meeting of the minds, albeit one inferred from the conduct of the parties. *La Van v. United States*, 382 F.3d 1340, 1346 (Fed. Cir. 2004); *Maher v. United States*, 314 F.3d 600, 606 (Fed. Cir. 2002), *cert. denied*, 540 U.S. 821 (2003). However, it is improper to draw such an inference, where, as here, the evidence plainly indicates that the parties anticipated future negotiations, and particularly where it is anticipated that the final, fully-negotiated agreement will be reduced to writing. *See, e.g., Kilmer Village Corp. v. United States*, 153 F. Supp. 393, 397 (Ct. Cl. 1957); *Edwards v. United States*, 22 Cl. Ct. 411, 421 (1991); *see also* Restatement (Second) Contracts § 26 (2004). That the parties had not agreed on critical terms (*e.g.*, the cost of the ECP) is evidenced by the entire course of conduct here – not only by correspondence between the parties, but even plaintiff's own internal documents, all of which acknowledge that the ECP had not been finally approved and that future negotiations were necessary. In light of these circumstances, plaintiff's alleged performance of the ECP could not give rise to an implied-in-fact contract with the government. *See Trauma Serv. Group v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997) (citing *Merritt v. United States*, 267 U.S. 338, 340-41 (1925)); *Atlas Corp. v. United States*, 895 F.2d 745, 754-56 (Fed. Cir. 1990), *cert. denied*, 498 U.S. 811 (1990); *EWG Assocs., Ltd. v. United States*, 231 Ct. Cl. 1028, 1030 (1982). While such performance might give rise to an implied-in-law contract, based on benefits received by the government, this court lacks jurisdiction to award relief on that basis. *See, e.g., Hercules*, 516 U.S.

at 423; *Perri v. United States*, 340 F.3d 1337, 1343 (Fed. Cir. 2003); *Trauma Serv.*, 104 F.3d at 1327.

Further, no agency official with authority to bind the defendant assented to the ECP, either in writing or by conduct. In this regard, it is axiomatic that to show that either an implied-in-fact (or express) contract existed, a plaintiff must demonstrate "the Government representative 'whose conduct is relied upon [had] actual authority to bind the government in contract." *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)), *cert. denied*, 501 U .S. 1230 (1991); *see also Harbert/ Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1432 (Fed. Cir.1998), *cert. denied*, 525 U.S. 1177 (1999) ("It is well established that the government is not bound by the acts of its agents beyond the scope of their authority."); *Urban Data Sys., Inc. v. United States*, 699 F.2d 1147, 1153 (Fed. Cir.1983) ("[T]he United States is not bound by its agents acting beyond their authority and contrary to regulation."). The only person with the authority to bind defendant here was Mr. Crawford, the contracting officer, who neither engaged in any conduct assenting to the amendment nor signed any written document to that effect. Although it appears that plaintiff knew that Mr. Crawford alone could authorize the ECP, it is charged with that knowledge at any rate, as "anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority." *Federal Crop Ins Corp. v. Merrill*, 332 U.S. 380, 384 (1947). Morever, as plaintiff apparently knew all to well, mere silence or inaction by the contracting officer could not bind the United States. *See Harbert/Lummus Agrifuels Projects*, 142 F.3d at 1433-1434; *EWG Assocs.*, 231 Ct. Cl. at 1030. Indeed, the Federal Circuit has held that where, as here, agency procedures require a written approval by the contracting officer, any conduct short of that cannot demonstrate acceptance of a contract. *Harbert/Lummus*, 142 F.3d at 1433-1434.

## III. CONCLUSION

This court need go no further. The court has considered – and rejects – various other theories that plaintiff glancingly mentioned in its reply brief (*e.g.*, illegality, estoppel, and unilateral mistake). Based on the foregoing, the court **DENIES** plaintiff's motion for partial summary judgment, and **GRANTS** defendant's cross-motion for partial summary judgment. The Clerk is directed to dismiss count one of plaintiff's complaint.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge