*************************************************************

# UNITED STATES COURT OF FEDERAL CLAIMS

*************************************************************

**02-796C**
**(Judge Allegra)**

**INFORMATION SYSTEMS & NETWORKS CORPORATION,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

*************************************************************

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

*************************************************************

**Norman H. Singer, Esquire**
**Singer & Associates, P.C.**
**10411 Motor City Drive**
**Suite 725**
**Bethesda, Maryland 20817**
**(301) 469-0400**

**Attorneys for Plaintiff**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **INFORMATION SYSTEMS & NETWORKS CORPORATION** | : | |
| **Plaintiff** | : | |
| **v.** | : | **Case No. 04-385C** |
| | : | **(Judge Block)** |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant** | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff Information Systems and Networks Corporation ("ISN" or "plaintiff") hereby respectfully submits its response to defendant's proposed findings of fact in support of its motion for summary judgment. This response references the numbered paragraphs in defendant's Proposed Findings of Uncontroverted Fact ("Defendant's Facts"). In response to Defendant's Facts, ISN states:

1. ISN agrees with the first two sentences of Para. 1. ISN denies the third sentence of Para. 1 in that the simplistic description of the Contract is not complete or completely accurate, and in fact the Contract required far more services and work as described in the Scope of Work. See, ISN App. 318-436 and on 436, the description of the 11 attachments to the Contract. ISN agrees with the fourth and fifth paragraphs of Para. 1.

2. ISN agrees that this paragraph sets forth an excerpt of Section G.2 .

3. ISN agrees with this paragraph.

4. ISN agrees that this paragraph sets forth an excerpt of Section G.4 (a).

5. ISN agrees that the Contract incorporates by reference FAR Sec. 52.243-1(Changes-Fixed Price).

6. ISN agrees that this paragraph sets forth excerpts of Section I.46 of the Contract.

7. ISN agrees it executed its subcontract with Datacomm Management Services ("DMS") on March 28, 1995. ISN disagrees with the second sentence of paragraph 7 in that the description of the subcontract is not complete or accurate. ISN disagrees with the third sentence of this paragraph because the subcontract speaks for itself on its financial terms, which are not completely stated in this paragraph.

8. ISN disagrees with the first sentence of this paragraph. See ISN App. 4-5 setting forth requirement of Contract modification for site surveys at defendant's request; ISN App. 6 stating as of September 28, 1994 the "Current manpower level is a little below needed level."; ISN App. A consisting of Affidavit of Roma Malkani. See ISN App. 158-162 setting forth CDRL status as of February 1, 1996. ISN disagrees with the second and third sentences of this paragraph. See ISN App 4-27; 31-36; 38-50; 61-70; 80-92; 52-60; 93-104; 130-137; Affidavit of Roma Malkani.

9. ISN disagrees with the first sentence of this paragraph. The Contract had multiple requirements. See ISN App. 318-436; 189-315. ISN agrees with the second sentence but affirmatively states that the changes were all at the request of the Technical Contracting Officer ("COTR") and Contracting Officer ("CO"). See ISN App. 12-16; 17-20; 21-24; 25-26; 31-36; 38-43; 71-79; 93-104; 105; 130-137; 138-139; 140; 141-143; 144. ISN disagrees with the third sentence of this paragraph. The June 20, 1995 ECP was the 4th ECP submitted to the CO and included additional requirements from the earlier three as well as re-stated the earlier three with different pricing.

10. ISN agrees with the first sentence of this paragraph. ISN agrees with the second and third sentences of this paragraph, although all sentences are to be read in conjunction with a complete reading of the letter.

11. ISN agrees with the three sentences of this paragraph to the extent they correctly summarize the letter of July 20, 1995.

12. ISN agrees with the summary of certain of Roscoe Crawford's testimony on these two pages of his deposition transcript are set forth in the transcript.

13. ISN agrees with the first sentence of this paragraph to the extent it properly sets forth the memorandum cited. ISN agrees that in the September-December, 1995 Progress Reports, ISN confirms that the ECP had not been formally approved. ISN agrees with the last sentence of this paragraph to the extent it correctly summarizes the letter of January 26, 1996.

14. ISN agrees with this paragraph as summarizing the August 31, 1995 letter.

15. ISN agrees with the first sentence of this paragraph. ISN denies the remaining two sentences of this paragraph because it does not understand "an emergent requirement for the ATC Program," does not have complete knowledge whether other monies were added or subtracted from the Contract and whether the ECP was ever funded at any time, and whether the provisions of the Contract regarding funding were complied with.

16. ISN agrees that the agreed configuration was not as originally set forth in the Contract.

17. ISN disagrees with this paragraph because it does not include all of the memorandum of the December 6, 1995 meeting. See ISN App. 154-155; 37; 105.

18. ISN disagrees with this paragraph as being a mis-characterization of the witnesses testimony. See Affidavit of Roma Malkani.

19. ISN agrees with the first sentence but also states that it was an oral stop work order. ISN agrees with the second, third and fourth sentences of the paragraph. ISN disagrees with the last two sentences of the paragraph. See, Affidavit of Roma Malkani; Inventory of Equipment in the possession of the defendant; invoices and bills to the defendant.

20. ISN agrees with the first sentence of this paragraph but also states that the Termination Settlement Proposal ("TSP") was issued pursuant to the Contract. ISN agrees that the TSP sought payment of $5,060,578 but does not agree with the argumentative portion of this sentence. ISN agrees with the third and fourth sentences. ISN disagrees with the fifth sentence in that any moneys due DMS were included in the TSP. ISN disagrees with the last sentence of this paragraph in that DMS has been paid in full. See Affidavit of Sonya Lyles and Roma Malkani.

21. ISN agrees with the first two sentences of this paragraph. ISN disagrees with the third sentence as being an incorrect conclusion from the Report. ISN agrees with the fourth sentence, but does not agree with the fifth or sixth sentences. See ISN App. 174-182; Affidavit of Sonya Lyles.

22. No response required.

23. No response required.

24. No response required.

25. No response required.

Respectfully submitted,

__s/ Norman H. Singer__________________

NORMAN H. SINGER, ESQ.
Singer & Associates, P.C.
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
(301) 469-0400
Counsel for Plaintiff

May_11__, 2007

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact was filed electronically with the Court on this 11th day of May, 2007 pursuant to the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the system. The parties may access the filing through the system.

/s/Norman H. Singer
NORMAN H. SINGER, ESQ