IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

INFORMATION SYSTEMS AND NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

COPY

CASE NO: 98-178C
JUDGE: James T. Turner

**DEPOSITION OF DENISE JONES**

The deposition of **DENISE JONES**, taken at the instance of the Plaintiff, pursuant to stipulations contained herein; the reading and signing of the deposition reserved, before Certified Court Reporter, Allison Garrison, at 10:30 a.m., October 22, 1999, at 1201 West Peachtree Street, Suite 5050, Atlanta, Georgia.

**SOUTHERN PEACH REPORTING SERVICE, LLC**
**Certified Court Reporters**
**383 Wesley Park Drive**
**Jonesboro, Georgia 30238**
**(770) 477-0336**

Q The next sentence says (reading), It is asked of your office to reply to this letter as to whether you agree or disagree.
Why do you ask the PCO to agree or disagree?
A Because I need the information from them as far as what's going on with the contract as well as the funding.
Q If you received a disagreement what would happen?
A I would have to review the information.
Q But you could still make the offer even if the PCO disagreed?
A Based on the information. That would be the determining factor.
Q So it's not what the PCO tells you, it's based upon your independent analysis of all the information that you receive, correct?
A Yes.
Q And that information is information you receive from the contractor, information you receive from the audit, and information you receive from the PCO, correct?
A Yes.
Q And that system we talked about,

Q Do you know why you didn't receive an SF30 in this case?
A No.
Q Did you make any inquiries as to why you didn't receive an SF30?
A I can't recall, but I think there was a final explanation.
Q From who?
A The PCO office.
Q From Mr. Crawford?
A Yes.
Q Do you know what Mr. Crawford told you?
A Basically, the ECP had never been approved.
Q Did he provide you documentation supporting his contention that the ECP had not been approved?
A Yes.
Q Do you know what documentation he provided to you?
A I think his December 11th letter, he had some documentation.
Q Do you know what the documentation was?
A It was several things.
Q Do you recall what the several things

office is what they do.
Q So if Mr. Crawford refused to provide funding for this settlement, then that would be the end of the settlement; is that the way it works?
A Yes.
Q And he can refuse to provide funding for any reason; is that correct?
A Whatever reason he has.
Q Or no reason?
A I don't know.
Q What if he gave you no reason and he just said I'm not going to provide funding, is that enough?
A Then I would have sent it back to -- returned it back to his office.
Q Did you return this back to his office?
A No.
Q Does that mean he gave you a reason for not providing --
A He provided me information, yes.
Q Do you know what information he provided you?
A Repeat that.
Q Do you know what information he

provided to you?

A Yes. He provided letters.

Q And what did those letters say?

A Basically the ECP had never been approved.

Q That's what those letters said?

A Basically.

Q You independently determined that the information contained in those letters was true?

A To the best of my knowledge.

Q Did you assume that the information contained in the letters was true?

A Yes.

Q I may have already asked you this, but I just want to be clear. Did you return authority back to Mr. Crawford's office for completion of the termination?

A I can't recall. There was something that happened, but I can't recall exactly what happened.

(Whereupon, Plaintiff's Exhibit Number 16 was marked for identification)

BY MR. CRAIG (resuming):

Q (Presenting) Ms. Jones, I'm showing you what's been marked as Plaintiff's Exhibit Number