**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INFORMATION SYSTEMS & NETWORKS CORPORATION** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 02-796C** |
| **THE UNITED STATES OF AMERICA** | ) | **Judge Allegra** |
| **Defendant.** | ) | |

**PLAINTIFF'S ADDITIONAL AUTHORITIES**

Plaintiff, Information Systems & Networks Corporation ("plaintiff" or "ISN"), by counsel, respectfully submits the following additional authorities pursuant to leave of the Court provided at the time of oral argument on defendant's motion for summary judgment:

1. E.L. Hamm & Associates, Inc. v. England, 379 F.3d 1334(Fed.Cir. 2004). The Court reversed the Armed Services Board of Contract Appeals ("ASBCA") finding that the contractor was entitled to an equitable adjustment. The Court concluded that the contractor reasonably relied on an unobvious defective specification provided by the government in the contract. While different on its facts, this case is applicable here because ISN relied on the contractual requirement of a site survey and its results to determine final specifications and requirements as

set forth in the contract. In E.L.Hamm, the Court noted that the law was similar for both defects and ambiguities in the contract, where reliance is demonstrated. ISN claims, and has demonstrated in its opposition to summary judgment papers, the necessary reliance.

2. TypeRight Keyboard Corp. v. Microsoft Corp., 374 F. 3d 1151(Fed. Cir. 2004). In this patent infringement case, the Court reversed summary judgment for defendant and remanded for trial. The Court adopted the rule that summary judgment is not appropriate where the opposing party questions the credibility of a witness or witnesses by offering into evidence specific facts. ISN has challenged the credibility of the government Contracting Officer, Roscoe Crawford, regarding his conduct during contract performance, in the decision to terminate ISN and in the termination process itself. ISN has provided specific facts from internal government documents providing the basis for this challenge, meeting the requirements of the TypeRight holding.

3. Medlin Construction Group, Ltd. v. Secretary of the Army, 449 F.3d 1195(Fed Cir. 2006). The Court held that the contractor is entitled to an equitable adjustment for extra costs associated with providing concrete retainers instead of less expensive polystyrene because the specifications were general allowing use of either material. ISN argues that the

ATC specifications were general requiring additional work to provide the proper ATCs.

Dated: September 21, 2007

Respectfully submitted,

s/Norman H. Singer

NORMAN H. SINGER, ESQUIRE
Singer & Associates, P.C.
10411 Motor City Drive, 7th Floor
Bethesda, MD 20817
Ph (301) 469-0400
Fx (301) 469-2267

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing **PLAINTIFF'S ADDITIONAL AUTHORITIES** was made available to counsel for the defendant pursuant to this Court's electronic filing systems and was MAILED on September 21, 2007 to:

Steven Mager, Esquire
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

s/Norman H. Singer______
NORMAN H. SINGER, ESQUIRE